## VERONA H. WELCH v. THE UNION CENTRAL LIFE INSURANCE COMPANY, Appellant.

**Life Insurance:** FRAUD: *Estoppel.* Under McClain's Code, section 1759, providing that the certificate of health issued by an insurance company's medical examiner shall estop the company from setting up the defense that the assured was not as healthy as required by the policy when issued, "unless the same" was procured by fraud, the company may set up the defense that the certificate, and thereby the policy, was secured by fraud, regardless of whether the examiner was deceived.

SAME: *Construction of policy.* Where one clause of an insurance policy provides that the application, which contains a provision that the facts therein stated are warranted to be true and that they shall constitute the basis of the policy to be issued, is a part of the policy, and a subsequent clause provides that, "except as hereinbefore provided," the policy "shall be incontestable for any cause except misstatement of age," the company may contest a recovery under the policy for fraudulent representations in the application as to the health of the applicant, by virtue of which the policy was issued.

SAME. A life insurance policy providing that it "shall be incontestable for any cause except misstatement of age," may nevertheless be contested for fraud entering into it.

EVIDENCE: *Admissions of insured.* In an action on a life insurance policy, where the defense is fraudulent misrepresentations as to health, the insurer may prove statements made by insured touching his health at about the time of, before, and after the issuance of the policy.

**Transfer to Equity:** Fraud is triable at law. Therefore, when such is alleged, it is not error to refuse transferring the whole cause to equity, though cancellation of a writing obtained by fraud, be prayed.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

SATURDAY, APRIL 8, 1899.

PLAINTIFF, the beneficiary named in a policy of life insurance issued by the defendant on the twenty-first day of

March, 1896, on the life of Otis S. Hogg, brings this action at law to recover three thousand dollars, with interest, on said policy; alleging the death of said assured on the first day of June, 1896, that proofs thereof were duly made, and that the defendant refuses payment; wherefore judgment is asked. The defendant answered, admitting that it issued the policy; that the assured died; that proof of his death was made; that it refuses payment; and alleges, as defense, that the issuing of said policy was procured by fraud, which allegations will hereafter more fully appear. The defendant prays to be dismissed, with costs, and for "a decree rescinding the said application and policy, and that the defendant have general and equitable relief." In an amendment, the defendant alleges that the only consideration received from the deceased for said policy was thirty-three dollars and twenty-six cents in cash, and two promissory notes for thirty-three dollars and twenty-six cents each; that no administration had been taken out on the estate of the deceased; that there is no legal representative of his estate to whom defendant can surrender said money and notes; wherefore defendant brings the same into court, to be delivered to the person legally entitled thereto. The defendant moved to transfer the case to equity, which motion was overruled. Plaintiff replied, saying that the defendant is estopped from contesting the policy upon the facts alleged in its answer, and because, through its medical examiner, it knew the physical health and habits of the assured. The case was called for trial to a jury, and at the close of all the testimony the court sustained plaintiff's motion for a verdict for the amount claimed, and rendered judgment therefor. The defendant appeals.—*Reversed.*

*Ramsey, Maxwell & Ramsey* and *Smith, Kirk & Smith* for appellant.

*Jamison & Smyth* and *C. W. Kepler* for appellee.

GIVEN, J.—I. Appellant moves to strike appellee's additional abstract on the grounds that the denial of appellant's abstract is not sufficiently specific, and that the matter set out in the additional abstract is not necessary to this appeal. We do not think there is any substantial merit in this motion, and it is therefore overruled.

II. Appellant first complains of the overruling of its motion to transfer the cause to equity. The defense of fraud in procuring the contract is conceded to be available in an action at law, but it is insisted that the prayer for cancellation of the policy and application calls for the exercise of equity powers. The motion was to transfer the entire case; but, as the issue of fraud was properly triable at law, there was no error in overruling the motion.

III. The original application, signed by the assured, the medical examiner's certificate of health, and the policy have been certified for our inspection; and, generally speaking, we may say that they are in the form in common use. Of the matters appearing therein it is only necessary that we mention the following: The application is in two parts; the first giving in detail the name and residence of the applicant, name of the beneficiary, amount of insurance desired, etc., and contains the following: "It is hereby agreed and warranted that, should the company issue a policy upon this application, its interests shall not be affected by verbal statements made to its agents or others, or by the knowledge of such agent, but that it shall be affected only by the statements herein made (including those made to the medical examiner), which are hereby warranted to be true, full, and correct as facts, and they shall constitute the basis of any policy which may be issued hereon." In part 2 the deceased stated, in response to printed questions, that he was in sound health, that he never had consumption, spitting blood, habitual prolonged cough, and that he never employed a physician; and, in conclusion, declared as follows: "I

hereby further declare that I have read and understand all the above question put to me by the medical examiner, and the answers thereto, and that the same are true, and that I am the same person described as above; and I hereby warrant that there is not, and there has not been, any concealment of facts regarding my past and present state of health and habits of life, or my personal history." It is provided in the policy that the application is made a part of the contract, and that the policy "is issued and accepted subject to the benefits, provisions, and conditions contained on the second page thereof, which are made a part of this contract." Among the conditions enumerated on the second page is the following: "Except as hereinbefore provided, this policy shall be incontestable for any cause except mistatement of age." It is alleged in the answer that the statements made by the deceased, in his application, that he was in sound health, that he had never had consumption, spitting blood, habitual or prolonged cough, and had never employed a physician, were false and fraudulent, were known to the applicant to be false and fraudulent, and were so made to mislead, deceive, and defraud the defendant; that, at the time of said application and the issuance of said policy, said applicant was not in sound health; that he was, and had been for a long time, suffering from consumption, was subject to spells of spitting blood, had an habitual and prolonged cough, had employed a physician, and was continually receiving medical treatment.

IV.   Appellant assigns as error the sustaining of appellee's motion for a verdict, the grounds of which may be summed up as follows: (1) The defendant has failed to establish any defense. (2) Because the policy in suit is incontestable, for the reasons alleged in the answer. (3) Because it appears, from the certificate of health of the examination of deceased, that he was at the time of said examination in sound health. (4) Because defendant has failed to show any evidence tending to impeach said certificate, or to show that it, or the policy, was obtained by fraud of the

deceased. This motion was not well taken as to the first and fourth grounds, as there is evidence tending to support the defense of fraud as alleged. The evidence is in marked conflict as to the physical condition of the assured at the time the policy was issued, and, so far as the evidence is concerned, the issue of fraud should have gone to the jury.

V.   We next inquire as to the effect to be given to the certificate of health on the defendant's right to make the defense of fraud. Acts Sixteenth General Assembly, chapter 55, section 2 (McClain's Code, section 1759), provides as follows: "In any case where the medical examiner, or physician acting as such, of any life insurance company or association doing business in the state shall issue a certificate of health or declare the applicant a fit subject for insurance, or so report to the company or association, or its agent under the rules and regulations of such company or association, it shall be thereby estopped from setting up in defense of the action on such policy or certificate that the assured was not in the condition of health required by the policy at the time of the issuance or delivery thereof, unless the same was procured by or through the fraud or deceit of the assured." Appellee insists that the words "the same" refer to the certificate, and that the defendant must show, not only that the statements of the applicant were false and fraudulent, but that the examiner was deceived thereby. While the certificate may be competent and valuable as evidence, it is not a part of the contract, though the policy was issued in reliance thereon and upon the application. If the certificate was fraudulently procured, and the defendant was thereby deceived into issuing the policy, surely the policy, as well as the certificate is not conclusive against the defendant as to the condition of the assured's health, if it, and thereby the policy, were secured by fraud, as alleged in the answer. The defendant is not estopped by this certificate from setting up the defense pleaded, and the certificate of itself affords no reason for ordering a verdict for the plaintiff.

VI.   The second ground of the motion for a verdict presents the question whether this contract of insurance may be contested for fraud of the assured, as alleged in the answer, in procuring it.   If it may not, then no available defense was presented, and the plaintiff was entitled to a verdict; but, if otherwise, the case should have been submitted to the jury on the issue of fraud.   Incontestable clauses in policies of life insurance are variable, some being absolute in form (that is, providing that the policy is incontestable at any time, or for any cause), others are qualified (as, that they are incontestable after a certain time, or after the death of the assured, or for other than particular causes named).   The clause under consideration is of the latter class, and is among those enumerated on the second page of the policy, and made a part thereof.   It is that, "except as hereinbefore provided, this policy shall be incontestable for any cause except misstatement of age."   It is thereinbefore provided that the application is a part of the contract, and in his application the applicant warranted his statements therein "to be true, full, and correct as facts," and agreed that "they shall constitute the basis of any policy which may be issued hereon."   In view of these things being thereinbefore provided, should it be said that the right to contest is limited to "misstatement of age?"   Under a familiar rule, all parts of this contract must be construed together, and, if possible, effect given to the whole.   It is also the rule that policies "must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim for indemnity; and when the words used may, without violence, be given two interpretations, that which will sustain the claim and cover the loss should be adopted."   *Goodwin v. Association*, 97 Iowa, 233.   To hold this policy incontestable for the fraud alleged is to deny any effect to said warranty and agreement of the applicant, while to hold otherwise gives full effect to all parts of the contract.   The words "except as hereinbefore provided" certainly contemplate that

the policy may be contested for some other cause than misstatement of age. If the policy may never be contested for fraud in its procurement, why include the warranty and agreement in it? Surely, we should hesitate to cancel and ignore these important features of the contract. If we may say that the words "except as hereinbefore provided" have reference to said warranty and agreement, the policy, by its terms, may be contested for the breach of that warranty; and, thus viewed, the contract does not admit of two constructions, and effect is given to all its parts, and violence done to none. We are influenced somewhat to this conclusion by what will be hereafter said as to the right to contest for fraud. It is true, as contended, that specifying a cause for which contest may be made excludes all other causes; but, as we view this policy, the words "except as hereinbefore provided" show that some other cause than misstatement of age was contemplated.

VII. Another, and probably more conclusive, reason why this defense may be asserted, is that fraud vitiates every contract into which it enters. In Bliss Insurance, section 247, it is said: "An agreement that an insurer will not raise any objection, even in case of direct personal fraud, is a void condition. It has even been questioned whether it would not be sufficient to render the policy itself wholly void *ab initio,* as an illegal contract. In these cases, then, fraud, if not mentioned, must be assumed to be excluded, since that construction is always to be preferred which will support a contract, and it is never to be supposed that the parties to it intend an illegal stipulation where a lawful meaning can be given to their words. Of course, this construction cannot make the policy really indisputable, for it leaves open the question whether the statement or omission complained of was fraudulent or not, and also what is the true meaning or construction of the policy itself." This statement of the law is fully supported in all of a large number of cases which have been examined, and disputed in none. There are cases

wherein the policy provided that it should be incontestable for any cause, or for certain causes, after a specified length of time, and others providing that the policy should be incontestable after the death of the assured. Such provisions are held to be in the nature of a statute of limitation or repose, and that, as the parties may stipulate as to the time when action may be brought, so they may stipulate as to the time within which certain defenses may be asserted. Such stipulation did not condone the fraud, but limited the insurer to a time within which it might assert the fraud as against the contract. In these cases the right to defend on the ground of fraud within the time agreed upon is recognized. Of this class of cases we refer to *Wright v. Association,* 43 Hun. 61; *Association v. Robinson,* 104 Ga. 256 (30 S. E. Rep. 919). An able article upon this subject, in which the leading cases are referred to, will be found in 45 Central Law J. 425. Our conclusion is that the court erred in sustaining appellee's motion for a verdict.

VIII. On the trial, appellant, in support of its defense, offered evidence as to the declarations and statements of the insured touching the condition of his health, about the time of and before and after the issuing of the policy, which, on appellee's objection, was excluded. These rulings, and others complained of, seem to have been based upon the conclusion that the policy was incontestable for fraud. This defense being well pleaded, we think the evidence as to declarations of the assured touching his health were competent, and should have been admitted. See 1 Greenleaf Evidence, section 102; *Gray v. McLaughlin,* 26 Iowa, 279; *Blair v. Madison County,* 81 Iowa, 313. For the errors pointed out, the judgment of the district court is REVERSED.