[S. F. No. 6449.   In Bank.—May 15, 1915.]

MAE DIBBLE, Respondent, v. RELIANCE LIFE INSUR-
    ANCE COMPANY OF PITTSBURGH, PENNSYL-
    VANIA (a Corporation), Appellant.

LIFE INSURANCE POLICY—INCONTESTABILITY CLAUSE—FRAUD.—A clause in a life insurance policy that the policy shall be incontestable after one year from its date, is valid even against the defense of fraud. Such incontestable clauses are given effect provided a reasonable length of time is included in the clause.

ID.—EMPLOYEE OF COMPANY AS INSURED.—The rule above stated is not altered by the fact that the assured was a trusted employee of the company.

ID.—CLAUSE LIMITING TIME TO URGE FRAUD.—Section 1668 of the Civil Code does not apply to a case in which the effect of the clause eliminating fraud as a defense is merely to limit the time within

which fraud may be urged as a defense to a reasonable time in the interest of repose and security.

ID.—CONDITION PRECEDENT.—The incontestability clause applies to a defense based upon the fact that the policy was subject to a condition precedent that it should not be in effect until the first year's premium should be paid while the assured was in good health, and the policy properly executed, and that the assured fraudulently represented himself to be in good health when he was not.

ID.—CONSTRUCTION OF POLICY—AMBIGUITIES RESOLVED AGAINST INSURANCE COMPANY.—In construing such provisions of a policy all doubts and ambiguities should be resolved against the insurance company.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

J. C. Campbell, Weaver, Shelton & Levy, for Appellant.

Lovett K. Fraser, Casper A. Ornbaun, Ornbaun & Fraser, for Respondent.

ANGELLOTTI, C. J.—This case was ordered retransferred to this court for hearing and determination, by reason of the inability of the justices of the district court of appeal of the third district to concur in a judgment. While the cause was pending in the last named court Mr. Justice Burnett prepared an opinion, which was forwarded to this court, as required by the constitution. That opinion is as follows:

"One of the main points in this controversy growing out of an action for the recovery of a five thousand dollar life insurance involves the construction of the following provision in the policy: 'Incontestability—This policy and the application therefor, a copy of which is hereto attached, constitute the entire contract between the parties and shall be incontestable after one year from its date, except for nonpayment of premiums and except as otherwise provided in this policy. All statements made by the insured in said application shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy unless it is contained in the written application hereof, a copy of which application is hereto attached.'

"As a general rule, no doubt, effect will be given to such stipulation and if the time prescribed be reasonable the insurance company will be precluded from urging any defense, including fraud, to an action on the policy if said defense be covered by said agreement. In 25 Cyc. 873, it is stated as follows: 'A clause, now often inserted in policies, that after being in force a specified time they shall not be disputed or shall be incontestable precludes any defense after the stipulated period on account of false statements which were warranted to be true, even though they were made fraudulently.'

"A great many cases are cited in support of the text, those of which relating to the defense of fraud we will notice specifically.

"In *Massachusetts Benefit Life Association* v. *Robinson*, 104 Ga. 256, [30 S. E. 918, 42 L. R. A. 261], the supreme court of Georgia said: 'As the law may prescribe such a limitation in which actions shall be brought by the party to be affected, it is also within the power of the contracting parties to agree among themselves upon a period of time which would amount to a statute of limitations, either greater or less than the period fixed by the law. . . . Parties interested in the contract may waive the benefit of the statute of limitations fixed by the law, the effect of the waiver being either to make a longer or shorter period than the law prescribes. What is said above would seem, however, to be subject to the qualification that where the effect of the contract would be to vitalize, by the lapse of time fixed in the contract, an undertaking *which would otherwise be void for fraud,* the time fixed in which the party would have a right to rescind the contract on account of fraud must be such a time as by the exercise of ordinary diligence the same could have been discovered. . . . Where parties enter into a contract which from its nature affords an opportunity to one party to perpetrate a fraud upon another, and it is stipulated therein that the party who is liable to be defrauded shall have a specified time in which to make inquiry as to the acts and conduct of the other party, he is on notice, by the very terms of the contract itself, that fraud may be involved in it, and the duty is upon him to commence at once an investigation into the acts, conduct, and representations of the other party; and if the time fixed is such that the information which would show that the fraud had been perpetrated could have been, by the exercise of

ordinary diligence, obtained, then the parties are bound by their contract as to time, and *after the lapse of that time fraud is no longer a defense.* This does not violate in any way the well-settled principle that fraud is to be abhorred, vitiates everything it touches, and the person guilty of it is not to be countenanced in any way by the courts. While all this is true, it is equally well settled that a contract which has for its foundation a willful fraud may become vitalized and enforceable by the negligence of the party who was the victim of the fraud.' And, in considering some other clauses that seemed not to be covered by the noncontestable provision, the court reaffirmed the familiar doctrine that where a policy is fairly susceptible of two different constructions the one more favorable to the insured will be adopted. The court held that those things which were declared to be acts which would vitiate the policy could be made effectual as a defense only if asserted within the said three-year period.

"In *Reagan* v. *Union Mutual Life Ins. Co.*, 189 Mass. 555, [109 Am. St. Rep. 659, 4 Ann. Cas. 362, 2 L. R. A. (N. S.) 821, 76 N. E. 217], the clause in controversy was 'This policy is incontestable *from date of issue* for any cause, except nonpayment of premium.' In holding that this did not preclude the defense of fraud, the court said: 'This is not like the numerous cases in which the policy provides that it shall be incontestable for fraud after the expiration of a specified time, which is not unreasonably short. It has often been held that a provision of that kind is valid because it is in the nature of a limitation of the time within which the defendant may avoid the policy for this cause. Such a provision is reasonable and proper; as it gives the insured a guaranty against possible expensive litigation to defeat his claim after the lapse of many years, and at the same time gives the company time and opportunity for investigation, to ascertain whether the contract should remain in force. It is not against public policy, as tending to put fraud on a par with honesty.' (Citing a large number of cases.)

"In *Murray* v. *State Mutual Life Ins. Co.*, 22 R. I. 524, [53 L. R. A. 742, 48 Atl. 800], deceased's policy had been issued two years and all premiums paid, and it contained a stipulation that it should be incontestable after two years from the date of its issue provided the premiums were paid as agreed. It was held, by the supreme court of Rhode

Island, that the contention that the defendant company was entitled to plead that the insured made false and fraudulent answers in his application, in bar of an action on the policy, because the incontestability clause was void as condoning fraud, and as against public policy, cannot be sustained, since the clause merely imposed a reasonable limitation on the time in which fraud could be established.

"In *Union Cent. Life Ins. Co.* v. *Fox,* 106 Tenn. 347, [82 Am. St. Rep. 885, 61 S. W. 62], the supreme court of Tennessee could see no force in the declared distinction between policies which are by their terms to become at once incontestable and those to become incontestable only after a certain length of time, and the court declares that 'If the time may be limited to one year within which the defense of fraud may be made available, it is difficult to see why it may not be limited to six months or one month or such other time less than this as the company may deem it important to stipulate.' The court further held that before the policy is issued the company has abundant opportunity to investigate concerning the representations of the insured and that it may bind itself not to contest the claim after the contract is executed even upon the ground of fraud.

"As to the defense that the insured falsely represented the state of his health, the supreme court of Wisconsin, in *Patterson* v. *National Premium Mut. L. Ins. Co.,* 100 Wis. 118, [69 Am. St. Rep. 899, 42 L. R. A. 253, 75 N. W. 980] said: 'Besides, the incontestable clause would seem to effectually bar this defense. If this clause be not altogether a glittering generality, put in for no purpose except to induce men to insure, it would seem that it must cover such misstatements or omissions as are here alleged. Such clauses have been upheld by various courts. . . . We see no reason why an insurance company may not take the risk of ascertaining for itself the condition of health of the insured.'

"The only cases cited holding that a clause providing that the policy shall be incontestable from date is void as against the defense of fraud are *Reagan* v. *Union Mutual Life Ins. Co.,* 189 Mass. 555, [109 Am. St. Rep. 659, 4 Ann. Cas. 362, 2 L. R. A. (N. S.) 821, 76 N. E. 217], and *Welch* v. *Union Cent. L. Ins. Co.,* 108 Iowa, 224, [50 L. R. A. 774, 78 N. W. 853].

"In the latter it is held that 'a provision in an insurance policy that it shall be incontestable for any cause except misstatement of age "except as hereinbefore provided" will not preclude the insurers from relying on the warranties contained in the application which is part of the contract and the statements in which are made the basis of the policy and that the omission of *fraud* from the specified grounds of contest will not preclude contest on that ground.'

"It may be added that the subject is thoroughly considered in the note to *Clement* v. *New York Life Ins. Co.,* as reported in 42 L. R. A. 247, and I think the statement is justified that all the recent cases and authorities hold that where a reasonable time is given for investigation an incontestable clause is valid as against all defenses not excepted from its operation.

"And in this connection it may be said that I can find no warrant for the assertion that by the terms of the policy here *fraud* is withdrawn from the application of said provision.

"There is no contention that *fraud* is *expressly* excepted and I think there is no such implication. As I understand it, the clause in which the term is used simply implies that in case of fraud the statements made in the application shall be deemed *warranties,* but there is nothing to suggest that a defense on said ground is not barred by the lapse of the time period prescribed.

"Nor can I see that the legal aspect of the situation is changed by the circumstance that the insured was a trusted employee of the company. As far as the policy itself is concerned, the parties sustained the same relation as in the ordinary case of life insurance. The company would certainly have the right to grant to its employees the same favor as to strangers and it should be bound by the same obligations. Indeed, as far as opportunity for inquiry and investigation to ascertain fraud is involved in the question, there is reason for holding the insurer to a stricter accountability where an employee is the insured.

"A more serious question is presented by the consideration of section 1668 of the Civil Code, providing as follows: 'All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud . . . are against the policy of the law.' It is not disputed that it is within the province of the legislature to declare such

principle of public policy and that it should be enforced.   It is claimed, however, that the section has no application to insurance policies, but I find no warrant for this contention. 'All contracts' certainly includes contracts of insurance, but I am inclined to the view that, properly speaking, it was not the object of the parties to said insurance policy to *exempt* the insured from the consequences of his fraud, but the object and effect of said incontestable clause was simply to provide a shorter term for maintaining said claim than is prescribed by the statute of limitations.   In other words, in my opinion, by said section the legislature did not intend to condemn a contract that in the interest of repose and security would fix a reasonable limit for the time in which such defense might be successfully urged, but the intention was to preclude a contract that would altogether relieve either party of the consequences of his own fraud.

"There is another consideration which is worthy of serious attention.   It was agreed by the parties that the contract of insurance 'shall not take effect until the first premium shall have been actually paid, while I am in good health, and the policy shall have been signed by the duly authorized officers of the company and issued.'   It is urged by appellant, therefore, that these three circumstances, the payment of the first premium, the condition of good health on the part of the insured and the execution of the policy by the company, were conditions precedent to the existence of any contract whatever and that since in the answer and cross-complaint it appears that the insured when he made the application and at all times thereafter was not in good health but seriously ill, for this reason the demurrer should have been overruled.   It is said by appellant that, in *Gallant* v. *Metropolitan Life Ins. Co.,* 167 Mass. 79, [44 N. E. 1073], 'there was a provision in a purported life insurance contract that no obligation was to be assumed by the company unless the insured was in good health at the date of the policy.   It appeared that the insured was in poor health at that date and the court held that there was no contract and the company was not liable.   This was followed in *Barker* v. *Metropolitan Life Ins. Co.,* 188 Mass. 542, [74 N. E. 945], in regard to a similar state of facts.'   Other cases also to the same point are *Volker* v. *Metropolitan Life Ins. Co.,* 1 Misc. Rep. 374, [21 N. Y. Supp. 456]; *Carmichael* v. *John Hancock Life Ins. Co.,* 116 App.

Div. 291, [101 N. Y. Supp. 602]; *Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341, [57 Am. Rep. 728, 8 N. E. 654]; *Metropolitan Life Ins. Co.* v. *Howle*, 62 Ohio St. 204, [56 N. E. 908], and *Packard* v. *Metropolitan Life Ins. Co.*, 72 N. H. 1, [54 Atl. 278].

"It is to be observed, however, that in none of these cases was there an incontestable clause, and this circumstance is claimed by respondent to be a vital distinguishing fact. In support of the contention she cites *Mohr* v. *Prudential Ins. Co. of America*, 32 R. I. 177, [78 Atl. 554]; *Mutual Reserve Fund Assoc.* v. *Austin*, 142 Fed. 398, [6 L. R. A. (N. S.) 1064, 73 C. C. A. 498], and *Commercial Life Ins. Co.* v. *McGinnis*, 50 Ind. App. 630, [97 N. E. 1018].

"In the first of these it was said: 'The defendant does not dispute that a period of more than one year had elapsed between the date of the policies and the death of the insured. The defendant contends, however, that the policies must have had a legal inception in order to sustain an action thereon, and that before the plaintiff could claim the benefit of the incontestable clause she must show that all the conditions precedent to the issuance of the policies have been complied with. To this contention it should be said that the policies were issued and were delivered; that the premiums due upon said policies were received by said defendant up to the time of the death of the insured; that the policies were treated by the insured and the defendant as subsisting contracts between them. The policies upon their face purport an obligation on the part of the defendant. To an action to enforce this apparent obligation the defendant interposes the defense that the insured was not in good health at the time of the delivery of the policies. Upon this ground the defendant is contesting its liability under the policy. *Such a contest is within the scope of that clause which makes the policy incontestable* after one year from its date if all due premiums shall have been paid, without by its terms excluding any ground of defense. To hold otherwise would be to permit such a clause in its unqualified form to remain in a policy as a deceptive inducement to the insured.'

"In the Austin case it was held by the United States circuit court of appeals, first circuit, that as far as the incontestable clause is concerned there is no distinction between the condition precedent as to the delivery of the policy *while*

*in good health* and statements in the application which were made warranties, and that unless expressly excluded they were all covered by the agreement not to contest the policy. In the note to this case, as reported in 6 L. R. A. (N. S.) 1064, it is said: 'The contention of the defendant in this case that the incontestable clause was an agreement conditioned upon the insurance having been in force and that the insurance was not in force because the assured was not in good health when the policy was delivered to him, does not seem to have been thought of before, as an extensive search has failed to discover any case where such a defense was relied on.    The reasoning of the court, however, seems impregnable in spite of the lack of authority upon that specific question, and its position is still further strengthened by a decision of the North Carolina supreme court in *Grier* v. *Mutual L. Ins. Co.*, 132 N. C. 542, [44 S. E. 28].'

"The McGinnis case was to the same effect, there being a clause in the policy that it was not to go into effect unless the first premium was actually paid during the lifetime and good health of the insured, but it was held that this was covered by the incontestable clause and that the insurer had waived its right to urge such defense.

"The other cases cited by appellant in this connection do not relate to life insurance nor do they involve any consideration of an agreement not to contest the action and therefore, of course, they are clearly distinguishable.

"While there is persuasive force in appellant's reasoning, I am content to follow the authorities upholding respondent's position, there being no case in point to the contrary, and therefore must resolve this contention in favor of plaintiff.

"For the foregoing reasons I conclude that the cross-complaint of defendant, seeking a cancellation and annulment of said insurance policy, is insufficient in its statement of facts and that the demurrer thereto was properly sustained.

"The amended answer, however, contains this averment: 'Defendant denies that on the 2d day of August, 1910, or at any other time or at all at San Francisco, California, or at any place or at all, in consideration of the payment of the premium of $64.30 annually during five years, or for any consideration whatever, defendant by its agents duly authorized, or at all, executed its policy of insurance No. 29,268 in writing to one Robert M. Dibble on his life for the term of

five years or any other time, in the sum of five thousand dollars, or any other sum, or any policy whatever.'

"There is thus specifically denied one of the vital allegations of the complaint and thereby a material issue is presented.

"It is of no importance as a matter of pleading that no such denial was contained in the first answer or that said denial is inconsistent with the allegations of the separate defense and also of the cross-complaint. The original was superseded by the amended answer and inconsistent defenses may be separately pleaded.

"I think, therefore, that the court erred in sustaining the demurrer to the first defense set forth in the amended answer. The said denial may result in no practical benefit to appellant but, nevertheless, it must be considered apart from the other defenses.

"It would seem to follow that the judgment should be reversed with directions to the court below to overrule the demurrer to the first count of the answer."

It is stated in the foregoing opinion that "there is no contention that fraud is expressly excepted" from the effect of the incontestability provision. In this respect, as is pointed out by counsel for appellant, the learned justice was in error, as the claim was expressly made in their briefs. With this minor exception, going in no way to the merits of the appeal, we are satisfied that the opinion is in all respects correct, including, of course, the view expressed to the effect that there is no good warrant in fact for the assertion that by the terms of the policy, fraud is withdrawn from the application of the incontestability provision, and we adopt such opinion as a part of the opinion of this court.

As is shown by this opinion, the decisions in other states are practically unanimous in holding that a provision in a life insurance policy to the effect that after being in force the specified time, it shall be incontestable, precludes any defense after the stipulated period on account of false statements warranted to be true, even though such statements were fraudulently made, unless by the terms of the policy fraud is expressly or impliedly excepted from the effect of such provision. Learned counsel for appellant do not appear to dispute this, but earnestly claim that section 1668 of the Civil Code, necessitates a different ruling in this state. We cannot

so read the section, and entirely agree with what is said in the opinion of Mr. Justice Burnett in regard thereto. The answer to the claim is the same that has uniformly been made by the courts of other states, to the claim that the well settled principle that: ''fraud vitiates everything it touches, and the person guilty of it is not to be countenanced in any way by the courts'' voids such a provision as one against public policy. The opinion contains expressions from other courts on this subject. To these may with propriety be added the views of the court of appeal of New York, expressed in *Wright* v. *Mutual Benefit Association,* 118 N. Y. 237, [16 Am. St. Rep. 749, 6 L. R. A. 731, 23 N. E. 186], as follows: ''It is not a stipulation absolutely to waive all defenses and to condone fraud. On the contrary, it recognizes fraud and all other defenses but it provides ample time and opportunity within which they may be, but beyond which they may not be, established. It is in the nature of and serves a similar purpose as statutes of limitations and repose, the wisdom of which is apparent to all reasonable minds. It is exemplified in the statute giving a certain period after the discovery of a fraud in which to apply for redress on account of it and in the law requiring prompt application after its discovery if one would be relieved from a contract infected with fraud. The parties to a contract may provide for a shorter limitation than that fixed by law and such an agreement is in accord with the policy of statutes of that character.''

The incontestability provision cannot be reasonably construed, in our opinion, as either expressly or impliedly excepting an action or defense based on fraud. The entire provision, as we read it, so far as applicable here, is that ''this policy . . . shall be incontestable after one year from its date, except for nonpayment of premium and except as otherwise provided in this policy.'' The language immediately following on which appellant relies, while bearing upon the question of the liability of the insurance company under the policy, obviously has reference to an entirely different matter from that referred to in the preceding sentence. It simply provides that, in the absence of fraud, all statements in the application shall be deemed representations and not warranties, and no such statement shall avoid the policy unless contained in the written application. As substantially said in Mr. Justice Burnett's opinion, there is nothing herein to sug-

CLXX Cal.—14

gest that a defense on the ground of fraudulent statements will not be barred by the lapse of the time prescribed in the preceding provision. (See in this connection *Clement* v. *Insurance Co.,* 101 Tenn. 22, 30, [70 Am. St. Rep. 650, 42 L. R. A. 247, 46 S. W. 561].) Referring to the words in the first sentence "except as otherwise provided in this policy," we find no provision in the policy otherwise providing as to a false statement in the application, unless perhaps the provision under the same heading of "incontestability," that "if the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age" is such a provision. It should be borne in mind in construing these provisions of the policy, that under well settled rules all doubts or ambiguities must be resolved against the insurance company.

As to the other points made by defendant, there is no necessity for adding anything to what is said in the opinion of Mr. Justice Burnett.

For the reasons stated in that opinion, we see no escape from the conclusion that the demurrer, while properly sustained as to the further and separate answer and defense, and to the cross-complaint, should have been overruled as to the first count of the answer, in view of the specific denial therein of the execution of the policy. It should perhaps be said, in justice to the learned judge of the lower court, that it is extremely probable that the existence of this denial was not specifically urged on the argument in the lower court. It is true that the denial may result in no practical benefit to defendant, but, of course, it is impossible for us to know what evidence may be obtainable by defendant on the issue thus clearly made. Defendant was certainly entitled to an opportunity to present its proofs on this issue, in view of the condition of the pleadings, and as each defense must be considered separate and apart from all other defenses, no court can hold in advance of a trial that, given such an opportunity, defendant could not show that the policy was not, in fact, ever executed.

The judgment of reversal to be given shall not be taken as affecting the order of the trial court sustaining the demurrers in so far as the further answer and the cross-complaint of defendant are concerned.

The judgment is reversed with directions to the lower court to overrule the demurrer of plaintiff in so far as the first count of the answer is concerned.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., Lawlor, J., and Henshaw J., concurred.

Rehearing denied.