BENNETT ET AL., PLAINTIFFS AND APPELLEES, *v.* BOSCHETTI ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 2804.—Decided May 12, 1923.

DEBT—PROMISSORY NOTE—PLEADING.—Generally a complaint in which it is alleged that the defendant made and delivered to the plaintiff a promissory note payable to his order and failed to meet it at maturity, the note being copied therein, states a cause of action, and the fact that there were two makers of the note and the responsibility of each is not alleged does not affect the cause of action.

ID.—ID.—ID.—JUDGMENT ON PLEADINGS.—An answer which sets forth under oath and thus admits every averment previously denied, may not impede the rendition of a judgment on the pleadings.

ID.—ID.—CONTRACT—CONSIDERATION.—The fact that the defendant received no benefit from the note does not mean that there was no consideration for the contract, for any detriment to the opposite party is a valuable consideration.

ID.—ID.—SOLIDARITY.—Under sections 1104 and 1105 of the Civil Code an obligation like a promissory note can not be considered to be *in solido* unless

such an intention clearly appears in the instrument, and hence each of two makers is responsible only for half of the obligation.

ID.—JUDGMENT—CORRECTION.—Courts have control of their judgments and can correct them *sua sponte* and without notice.

The facts are stated in the opinion.

*Messrs. O. M. Wood, L. Janer* and *L. E. Dubón* for the appellants.

*Messrs. O. B. Frazer, N. Gammans* and *R. Castro Fernández* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Defendant-appellant complains of a judgment on the pleadings and assigns various errors.

In the first assignment appellant attacks the sufficiency of the complaint. To allege that a defendant signed and delivered to the order of the complainant a promissory note, to copy the note into the complaint and to allege the failure of the defendant to pay the same when due, as here, is ordinarily the sufficient statement of a cause of action. The principal point of appellant seems to be that there were two makers and that the responsibility of each is not fixed in the complaint. This might affect the right to render judgment solidarily against the two defendants, but would not destroy complainant's right of action against defendants jointly. We shall discuss this question more fully in reviewing another assignment of error.

The second assignment of error is the one that has caused the greatest difficulty and this is because of the apparent jurisprudence of California that a judgment cannot be rendered on the pleadings where the material allegations of the complaint are denied in the answer, even if the answer sets up a special defense separately stated which admits the allegations formerly denied. *Rotto* v. *Vandament,* 67 Cal. 332, and cases or other similar statements; 3 Estee's Pleadings, 196; *Hicks* v. *Levell,* 64 Cal. 17; *McDonald* v. *So. Cal. Railway Co.,* 35 Pac. 643; *Miles* v. *Wood-*

*ward*, 46 Pac. 1077; *Dibble* v. *Reliance Ins. Co.*, 149 Pac. 171. We shall not attempt to analyze these cases in detail. The cases cover the proposition clearly that inconsistent defenses may be pleaded, even when the facts are verified, but we are not satisfied that they reach the point of saying that an answer which, although special, sets forth under oath and thus admits every averment previously denied, may impede the rendition of a judgment on the pleadings. We do not think we should care to follow California to that extent, and other states with statutes more or less like our own have a viewpoint different from California.

In *Bowers* v. *Good*, 100 (Wash.) Pac. 848, from inconsistent defenses are excluded the cases where there is only a seeming or logical inconsistency. The syllabus says, and the practice of that state appears to be, that defenses are only to be considered inconsistent "where one set of facts contradicts the other." Other cases from that state are cited.

The Supreme Court of Montana in *Johnson* v. *Butte & Superior Copper Co.*, 108 Pac. 1059, said: "This court has recognized the right of the defendant to interpose inconsistent defenses etc., but it has never gone to the extent of saying that such defenses may be so far inconsistent that if the allegations of one are true the allegations of the other must of necessity be false." And again, speaking of verified pleadings being required, "but in permitting a defendant to set forth in his answer as many defenses as he has it was never intended to sanction or encourage perjury." The court cited with approval the rule that the defendant may plead inconsistent defenses, provided that they were not so incompatible as necessarily to render one or the other absolutely false, and explained what Pomeroy and Elliot must have had in mind, namely, states where pleadings are not required to be verified. "It appears to us the acme of absurdity to say that the casual admission of a

defendant made on the street may be put in evidence against him, but that his solemn admission made deliberately and under oath, in a pleading which calls for the true statement of the facts, may not be used against him." And the same court insisted on these distinctions in *O'Donnell* v. *City of Butte*, 119 Pac. 283.

Similar reasoning is to be found in the Oregon case of *Peters & Roberts Furniture Co.*, v. *Queen City Fire Ins. Co.*, 126 Pac. 1006, and an explanation of the apparent conflict is to be found in the elaborate note to *Seattle National Bank* v. *Jones* (Wash.) 48 L. R. A. 207. The inconsistency must be one of fact and not merely because the defenses perhaps cannot co-exist.

With so much considered let us examine the complaint and the answer. They are as follows:

"1. That the plaintiff is of age, wife of Edwin K. Bennett, of no particular profession, resident of this city of San Juan, and the defendants are of age and capable of suing and of being sued;

"2. That on or about the sixth day of December, 1917, the defendants signed and delivered to the plaintiff, who was then unmarried, a promissory note reading literally as follows:

" '$1,750.00.—San Juan, Dec. 6th, 1917.—Six months after date we promise to pay .to the order of Mary E. Edick one thousand, seven hundred & fifty dollars at the Banco Territorial y Agrícola. Value received with interest at 10%.—(Fdo.) C. Boschetti. (Fdo.) H. Boschetti.'

"3. That the interest due from December 6, 1917, to the date of this complaint amounts to $611.68."

"ANSWER. First.—That he admits he is of age with capacity to sue and to be sued; also that the plaintiff is of age and married to Edwin K. Bennett, and denies all the other averments of clause 1 of the complaint;

"Second.—That he admits that he, in company with the other defendant, signed a promissory note in favor of the plaintiff for the amount mentioned, but denies, for lack of sufficient information and belief that the literal copy of the promissory note in question is the one copied into clause 2 of the complaint;

"Third.—That he denies that the plaintiff presented or made

demand for payment of the note upon maturity; that he denies this defendant at any time has refused to pay the amount of the note or any part thereof, and denies for lack of information and belief the other averments of clause 3 of the complaint.

"Fourth.—That he denies that the interest due from December 6, 1917, to the date of the complaint amounts to the sum stated in clause 4 of the complaint.

"And the defendant alleges as a first affirmative defense that in or about the year 1917 Samuel D. Edick, plaintiff's father, and Helvetio Boschetti, son of defendant herein and the other defendant in this suit, were partners and conducted a business under the firm name and style of S. D. Edick & Co.

"That on a certain occasion the said Samuel D. Edick, plaintiff's father, being short of funds and obliged to meet certain personal obligations, asked the defendant herein, as a mere formality, to sign the note in company with the other defendant, so that his daughter, the plaintiff, might lend him the money he needed, inasmuch as she refused to make this advance to her father without a promissory note.

"That the defendant, in good faith and in order to help plaintiff's father, and on the latter's promise to repay said money, did not object to signing the note together with his son, the other defendant.

"That in a subsequent investigation made by Attorney Henry G. Molina of this city, this defendant appeared in company with Edick and that there and then the said Edick confessed and acknowledged that this defendant had received no financial benefit by reason of said note; that this defendant had not received any value in exchange therefor, and that, on the other hand, Edick received the money from the plaintiff and used the greater part thereof in personal affairs.

"That a little later and in the presence of Attorney Andrés B. Crosas of this city, said Edick ratified the foregoing confession in all its parts, admitting afresh that this defendant had received no pecuniary benefit whatever by reason of the note he signed; that this defendant had received no value in exchange therefor, further stating that the said Edick had received the money and had dedicated to his own use and expended in personal matters the sum of $1,200 thereof, of which this defendant had not received a single cent in cash or in value of any other kind.

"And as a second affirmative defense he contends that the plaintiff never and at no time presented or made demand for the payment of the whole or part of said promissory note, for, being cognizant of all the facts and details in this case, she expected her father to pay her the said money, according to information and belief which this defendant believes to be true.

"And he alleges as a third affirmative defense that this defendant never and at no time has refused to acknowledge as his own the signature subscribed to the note in question, as maliciously alleged on one occasion by the plaintiff and her husband with the evident purpose of smirching the good name and honesty of the son of this defendant, who is the other defendant in this suit."

In the alleged affirmative defenses it appears positively under oath that Mrs. Bennett would not advance the money unless the defendant signed. In the absence of fraud, the fact that her father was to be the beneficiary could not affect her, and if the money was hers, as set up, there was a valuable consideration. There is no suggestion that the money belonged to her father. The defendant has the erroneous idea that because he received no benefit there was no consideration for the contract, but as appellee shows, any detriment to the opposite party is a valuable consideration. Civil Code, 1241; 13 C. J. 311.

Examining these defenses more closely, it will be seen that there was no general denial, as occurred in the California cases. The only thing essential to the cause of action that was first denied was the consideration. So that the special defense of a lack of consideration was tantamount to and consistent with the first defense. The defenses were not inconsistent and the facts to prove the complaint set up in the special defense were available to the complainant. The whole answer may be construed together.

The other defenses set up were entirely frivolous. It makes no difference whether demand was made or whether or not defendant had denied his signature. Their defenses,

besides, would have been consistent with and not inconsistent with a general denial.

*Smith* v. *Cale*, 144 U. S. 524, was a case where the general subject was considered. Without regard to verified answers, the court pointed out that where a general denial was pleaded and an inconsistent defense especially set up, the admission of one could not be used to destroy the other. But otherwise where the new matter set up no inconsistent defense.

Hence, we must hold that the court was justified in finding that the complainant's cause of action had been admitted under oath by the answer and that hence the complainant was entitled to a judgment on the pleadings. This also disposes of the third assignment of error.

The sixth assignment of error related to the fact that the final judgment was rendered against defendant for the whole sum involved. We agree with appellant that under sections 1104 and 1105 of the Civil Code an obligation like a promissory note cannot be considered to be *in solido* unless such an intention clearly appears in the instrument. The appellee cites us to nothing to the contrary, but merely asserts that this is a commercial obligation and subject to the Code of Commerce. However, we find nothing in that Code in opposition to sections 1104 and 1105, *supra,* and they are the law in this jurisdiction. Hence the judgment must be modified.

By reason of such modification it will be necessary to consider at length the 4th and 5th assignments of error. The court rendered judgment against both defendants and then discovered that service had been had solely against appellant, so that the court modified its judgment *nunc pro tunc,* without notice to this appellant. The latter had had his day in court on the motion for judgment on the pleadings. The court, we are inclined to hold, had control of its judgment and could correct it *sua sponte* and without

notice. The only prejudice to the defendant that we can see is the one we are considering now, namely, that the court had no right to render judgment for the whole sum and only for one half thereof.

The seventh assignment relates to the rendition of judgment in general and covers matters we have already considered.

The judgment must be modified so as to make the appellant responsible for one-half of the amount sued on and, as modified, affirmed, but without costs in the court below.

*Modified and affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.