[Civ. No. 8503. Second Appellate District, Division Two.—July 24, 1934.]

MABEL I. COMBS, Respondent, v. BURBANK MUTUAL LIFE AND BENEFIT ASSOCIATION (a Corporation), Appellant.

140

Carlos S. Hardy for Appellant.

W. Eugene Craven, Combs & Combs and Lee Combs, Jr., for Respondent.

CRAIG, J.—In an action for insurance by the widow of a member of the defendant life and benefit association, both an answer and an affirmative defense were interposed, and judgment being given in favor of the plaintiff on the pleadings, said defendant appealed.

The existence and character of the insurer, application for membership and issuance of a policy, payment of assessments and charges, and sufficiency of funds with which to pay the full amount, which was refused, were admitted. It was alleged and admitted that pursuant to the constitution

and by-laws of the association said policy was issued upon an application in writing, and that no member over fifty-five years of age was entitled to such insurance unless and except by amendment, but that by an amendment of the by-laws persons beyond such age were made admissible when deemed to the best interests of the association; that decedent represented his age as fifty-nine years. By affirmative allegation the defendant alleged that the decedent so stated his age to the best of his knowledge, and likewise that he was in good health and sound physical condition; but that prior to, at the time of and since the issuance of said application and policy he was in fact sixty years of age, and was suffering from organic disease; that the applicant knew all of the facts so alleged and that his said statements, representations and warranties so made were untrue, and were known to him to be untrue; that upon notice of his demise the insurer was for the first time caused to inquire, but had it known that said statements were untrue, or that the applicant was not of sound health or of the age stated, it would not have issued its policy nor accepted him as a member.

The policy, issued some two years before liability was claimed, provided that the same "except for fraud shall be incontestable after one year from its date of issue". It is insisted by the respondent that where an applicant certifies to his good health according to the best of his knowledge and belief, recovery will not be denied if it appear that he had reason to believe and did believe that he was in good health (Couch on Insurance, p. 2725), and said answer failed to raise the issue. By comparison of the language, the question is set at rest. It was charged in the answer in effect that each and every of the conditions requisite to the issuance of a policy were found to have been misrepresented with knowledge of the applicant that the statements were false. *Dibble* v. *Reliance Life Ins. Co.*, 170 Cal. 199 [149 Pac. 171, Ann. Cas. 1917E, 34], cited by respondent, held that section 1668 of the Civil Code, providing that: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud . . . are against the policy of the law", does not apply to a case in which the effect of such clause is merely to limit the time within which fraud may be urged as a defense to a reasonable time in the interest of repose and security. By

the contract and application it had there been agreed that it "shall be incontestable after one year from its date, except for nonpayment of premiums and except as otherwise provided in this policy. All statements made by the insured in said application shall, *in the absence of fraud,* be deemed representations and not warranties, and no such statement shall avoid the policy unless it is contained in the written application hereof, . . . " (Italics ours.) It was said that the "entire provision, as we read it, so far as applicable here, is that this policy . . . shall be incontestable after one year from its date, *except* for nonpayment of premium and *as otherwise provided* in this policy", and the provision *"in the absence of fraud* all statements in the application shall be deemed representations and not warranties, and no such statement shall avoid the policy unless contained in the written application", had reference to an entirely different matter; there was nothing "otherwise provided" as to false statements.

However, appellant in the instant case relied upon the provision, "there are no restrictions under this policy on travel, residence, occupation, or military or naval service, *and except for fraud* shall be incontestable after one year from its date of issue", and denied that the insured was in good standing. Differing from the case from which we have just quoted, the clause was not made dependent upon a condition which the parties can be said to have omitted so as to leave it ambiguous. The defendant here alleged elements of fraud, except for which the parties stipulated the policy should be incontestable. In *Dibble* v. *Reliance Life Ins. Co., supra,* the opinion states there was "no distinction between the condition precedent as to the delivery of the policy while in good health and statements in the application which were made warranties, and that unless expressly excluded they were all covered by the agreement not to contest the policy". The purport of the decision is that the one-year limitation was intended for the purpose of permitting inquiry as to the truth or falsity of representations. In *Boyer* v. *United States Fidelity & Guaranty Co.,* 206 Cal. 273 [274 Pac. 57], policies were issued upon stated representations, one of which was the relationship of brother and sister between the insured and the beneficiary. Upon receipt of notice of liability, the in-

surer for the first time "investigated the facts and learned" that the parties were not so related. Stating that the court could "readily perceive of circumstances under which such representation as to the relation sustained between the beneficiary and the assured might be a consideration of considerable moment to the insurer", judgments in favor of the plaintiffs after trial of issues were reversed, and the policies were held voided even as to intentional falsification of immaterial matter by the provisions of section 6 of the Act of 1917 (Stats. 1917, p. 957) : "The falsity of any statement in the application for any policy covered by this act shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." Both contingencies, "except for fraud" contained in the policy here in controversy, and false statements claimed to have affected the acceptance of the risk as contained in the quoted section of the Insurance Act, are questions of fact presented by appellant's affirmative defense. While in the Dibble case, as to grounds of contest "unless expressly excluded they were all covered by the agreement not to contest the policy", and the fraud was held through the omission above pointed out not to have been so excluded, the language of the contract herein pleaded, that the same "except for fraud· shall be incontestable" would seem clearly to present a different agreement. ▮ It is recognized in both of the cases above cited as settled law that: "Insurance policies are governed by the same general rules which pertain to all contracts. There must be a meeting of the minds. Subject to the rule that their provisions must not be against public policy or in contravention of law, parties to the contract may make such agreements as they see fit and the courts will enforce the terms mutually agreed upon." (*Boyer* v. *United States Fidelity & Guaranty Co., supra.*) Any other conclusion as to the provision here under consideration than that which we have indicated would require the clause in question to be read, that the policy "notwithstanding fraud shall be incontestable within one year" from its date.

▮ Nor is the alleged defense in conflict with the rule cited by the respondent that where a warranty is that a statement is true so far as known to the applicant, knowl-

edge of the applicant of its untruthfulness must be shown. (*Western Mutual Life Ins. Co.* v. *Gridley,* 100 U. S. 614 [25 L. Ed. 746].) As otherwise expressed: Where the answers in an application are warranted as true to the best of the knowledge and belief of the applicant, it is not sufficient to void a policy that they be shown substantially untrue in point of fact, but they must be substantially untrue to the best of the knowledge and belief of the applicant. (*Yeoman of America* v. *Rott,* 145 Ky. 604 [140 S. W. 1018].) We are confined to the pleading, and bound by the undisputed charge that the applicant's statements and representations were not only untrue in every respect, but were known to him to be untrue. This is in full accord with *Harding* v. *Robinson,* 175 Cal. 537 [166 Pac. 808], cited by respondent, which was determined upon the basis of the provisions of section 1572 of the Civil Code, though it was found that there had been no misrepresentation. By said section it is provided that actual fraud consists of acts done by a party to the contract to induce another to enter into the same, by: "1. The suggestion, as a fact, of that which it not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact", etc. ▆ By the same rule an allegation of positive assertions, in a manner not warranted by the knowledge of the applicant for insurance, the suggestion of that which he did not believe to be true, or the suppression of knowledge of the existence of a condition, but for which a policy would not have been issued to him, amounted to such a defense to an action thereon as the parties agreed to exclude from the defenses waived.

The judgment is reversed.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.