### WASHINGTON NAT. INS. CO. v. SHAW et al.
### No. 2585.

Court of Civil Appeals of Texas. Waco.
March 9, 1944.

Rehearing Denied May 25, 1944.

Bryan & Maxwell, of Waco, for appellant.

Cecil R. Glass, of Marlin, for appellees.

HALE, Justice.

Charles Shaw and W. K. Robertson, doing business as Shaw-Robertson Funeral Home of Marlin, Texas, sued Washington National Insurance Company for recovery under a policy of insurance on the life of Ruth Jackson. The case was tried before the court without a jury and resulted in judgment for plaintiffs in the sum of $300 as principal, $36 as statutory penalty, and $100 attorney's fees. Defendant has appealed and says the judgment should be reversed and here rendered in its favor because (1) the policy sued upon is a California contract and (2) under the laws of California and the undisputed evidence in the case the defendant is not liable on the contract.

Appellant is and was at all times material to this suit an Illinois corporation doing business as an insurance company in the state of Texas under a license and permit issued to it by virtue of the laws of Texas. Appellees are resident citizens of Marlin, Texas. On August 26, 1938, Ruth Jackson made written application in Los Angeles, California to appellant for a policy of insurance on her life in the amount of $300 at a premium rate of $.20 per week with her mother, Lucy Smith, to be designated as beneficiary. On September 5, 1938, appellant issued the policy applied for and delivered the same to the insured in Los Angeles. The policy lapsed on March 5, 1940 for nonpayment of premiums which became due on and after February 5, 1940. The insured made written application in Los Angeles on March 30, 1940 for the reinstatement of her lapsed policy and on April 8, 1940 appellant approved such application and revived the policy. On August 15, 1940, the beneficiary was changed from Lucy Smith to R. V. Smith. The insured died in Los Angeles on February 12, 1941. R. V. Smith, as beneficiary, then assigned the policy to appellees. The insured was a resident citizen of California at all times

material to this suit and all premiums on the policy were paid by her in that state. Lucy Smith and R. V. Smith were resident citizens of Marlin, Texas, at all material times, although there was no evidence tending to show that appellant knew or was charged with notice of the residence of either at any time prior to the death of the insured.

Appellant says under the foregoing facts its liability if any, must be determined by the laws of California and not by the laws of Texas. In support of such contention it relies upon the following authorities: Pacific Mut. Life Ins. Co. of California v. Hale, Tex.Civ.App., 267 S.W. 282, error refused; Trinity Universal Ins. Co. v. De Martini, Tex.Civ.App., 118 S.W.2d 901, error refused; Ætna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed 342; Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178; John Hancock Mutual Life Ins. Co. v. Yates, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106. On the other hand, appellees say appellant's liability must be determined by the laws of Texas and not by the laws of California. In support of such contention they rely upon the following authorities: Art. 5054, Vernon's Tex.Civ.Stats.; Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470, 115 A.L.R. 1301; International Brotherhood of Boiler Makers, Iron Shipbuilders, and Helpers of America v. Huval, 140 Tex. 21, 166 S.W.2d 107; Boseman v. Connecticut General Life Ins. Co., 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036, 110 A.L.R. 732.

■ It will be observed that no part of the transaction leading up to the consummation of the original contract, or to the reinstatement thereof, or to the maturity of any right accruing thereunder, occurred or transpired within the State of Texas. Under the terms of the policy the insured was given the right to have the beneficiary changed at any time upon request, irrespective of the place of residence of such beneficiary. Clearly, the contract was not in fact made or entered into with reference to the laws of Texas or because of any Texas license or permit issued to appellant. Consequently, we do not think the provisions of Art. 5054 of Vernon's Tex.Civ.Stats. require or authorize the courts to hold that the contract sued upon was in legal contemplation made and entered into under and by virtue of the laws of Texas relating to insurance merely because appellant was in fact doing other business as an insurance company within this state, even though the proceeds from the policy were to become payable to some person whose residence might be within this state. After carefully considering the undisputed evidence in the light of the authorities cited by the respective parties, we have concluded that the validity, interpretation and obligations of the contract in suit must be determined and controlled by the laws of California and not by the laws of Texas, insofar as the laws of the former state may be shown to be different from the laws of the latter. See also: Seiders v. Merchants' Life Ass'n, 93 Tex. 194, 54 S.W. 753; Allgeyer v. State of Louisiana, 165 U.S. 578, 17 S.Ct. 427, 41 L.Ed. 832; New York Life Ins. Co. v. Head, 234 U.S. 149, 34 S.Ct. 879, 58 L.Ed. 1259.

Under appropriate pleadings appellant made proper proof of the statutory laws of the state of California relating to contracts of insurance and of the holdings of the courts with respect thereto in the following cases: Dibble v. Reliance Life Ins. Co. of Pittsburg, Pa., 170 Cal. 199, 149 P. 171, Ann.Cas.1917E, 34; Combs v. Burbank Mut. Life & Benefit Ass'n, 140 Cal. App. 139, 35 P.2d 132; New York Life Ins. Co. v. Waterman, 9 Cir., 104 F.2d 990. Ruth Jackson stated in her original application that her age at next birthday was twenty-five years, that she had not had any illness during the past five years and she agreed therein that any misrepresentation wilfully made in the application should render the policy applied for void and that such policy should not be binding upon the Company unless she was in sound health upon the date of such policy. The policy as issued provided, among other things, that if the insured was not in sound health on the date thereof, or if the insured had, within two years before the date thereof, been attended by a physician for any serious disease or complaint, the liability of the Company should be limited to the return of any premiums paid thereon; that a grace period of four weeks should be granted for the payment of every premium after the first and if the policy should become void in consequence of nonpayment of premiums, it might be revived upon payment of all arrears and the presentation of evidence satisfactory to the Company of the sound health of the insured; and that the policy should be

incontestable except for nonpayment of premiums after it had been in force, during the lifetime of the insured, for a period of two years from the date of its issue. The insured stated under date of March 30, 1940 in her application for the reinstatement of her lapsed policy that she was then in sound health, had not been sick or afflicted with any disease and had not consulted any physician since the policy lapsed and that she had no illness during the past three years. She agreed therein that no liability should exist on the part of the Company under the lapsed policy unless and until the Company should approve the application for its reinstatement and that the revival should be deemed to be based upon the statements contained in the application for reinstatement and "upon the condition that if any of said statements be untrue, that the Company shall be under no liability for a period of two years from the date of such revival except to return premiums paid since date of revival." The undisputed evidence shows that appellant's agent charged with the duty of passing upon each of these applications relied upon the statements contained in each, and if such agent had known that the insured was afflicted with syphilis, appellant would not have issued the policy on September 5, 1938 and it would not have reinstated the lapsed policy on April 8, 1940.

The undisputed evidence further shows that the insured was afflicted with syphilis at the time when she made her original application on August 26, 1938 and at all times thereafter. She entered Los Angeles County General Hospital on December 16, 1938, and remained there as an in-patient until December 29, 1938. She was given out-patient treatment through that hospital on January 4, 1939, and again on May 16, 1940. She entered the same hospital on May 29, 1940, and remained there as an in-patient until June 3, 1940. She was again an in-patient in the hospital from September 21, to September 30, 1940, and from January 27, 1941 until the time of her death on February 12, 1941. As a part of her case history the insured stated to the physicians who examined and treated her in Los Angeles that she had known she was afflicted with syphilis since the year 1937; that she had been treated for that condition by doctors in Minneapolis, Minnesota, in Oklahoma City, Oklahoma, in Kansas City, Missouri, and in Blythe, California.

■ Under the statutory laws of the state of California there is no provision for recovery of penalties and attorney's fees against an insurance company and there is no requirement that policies contain any character of incontestable clause. Under the common law as declared by the courts of that state, the rights of the parties with respect to the contestability of a policy of insurance are controlled by the provisions contained in the contract. Dibble v. Reliance Life Ins. Co. of Pittsburg, Pa., 170 Cal. 199, 149 P. 171, Ann.Cas.1917E, 34; Combs v. Burbank Mut. Life & Benefit Ass'n, 140 Cal.App. 139, 35 P.2d 132. Section 1668 of the Civil Code of the state of California reads as follows: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law whether willful or negligent, are against the policy of the law." It has been held that the provisions of this section of the California statutes operate as a defense against fraud in the application for the reinstatement of a contract of insurance. New York Life Ins. Co. v. Waterman, 9 Cir., 104 F.2d 990.

Chapter 145, Acts of the 1935 Session of the Legislature of the State of California, being an act to establish an Insurance Code for that state, provides in part as follows:

Sec. 330. "Neglect to communicate that which a party knows, and ought to communicate, is concealment."

Sec. 331. "Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance."

Sec. 338. "An intentional and fraudulent omission, on the part of one insured, to communicate information of matters proving or tending to prove the falsity of a warranty, entitles the insurer to rescind."

Sec. 358. "A representation is false when the facts fail to correspond with its assertions or stipulations."

Sec. 359. "If a representation is false in a material point, whether affirmative or promissory, the injured party is entitled to rescind the contract from the time the representation becomes false."

Sec. 360. "The materiality of a representation is determined by the same rule as the materiality of a concealment."

Sec. 361. "The provisions of this chapter apply as well to a modification of a

contract of insurance as to its original formation."

Sec. 441. "A statement in a policy of a matter relating to the person or thing insured, or to the risk, as a fact, is an express warranty thereof."

Sec. 444. "A warranty may relate to the past, the present, the future, or to any or all of these."

Sec. 447. "The violation of a material warranty or other material provision of a policy, on the part of either party thereto, entitles the other to rescind."

Sec. 449. "A breach of warranty without fraud merely exonerates an insurer from the time that it occurs, or where the warranty is broken in its inception, prevents the policy from attaching to the risk."

We think it is clear that appellant is not liable under the plain provisions of the California Code of Insurance on the contract here involved, except for a return of the premiums paid thereunder. The insured induced the issuance of the original policy and a revival of the same after it had lapsed by wrongfully concealing the fact that she was afflicted with syphilis and by affirmative representations that she had not been ill or treated by any physician. The statement in the policy and in the application for revival to the effect that she was then in sound health constituted an express warranty thereof. By reason of such concealment, false representations and violated warranties appellant was entitled to rescind the contract under the California statutes.

Moreover, if we disregard the statutory laws of Texas which are different from the statutory laws of California, as it is our duty to do under the circumstances, there can be no liability against appellant on the facts of this case under the common law as declared by the courts of this state, except for a return of the premiums paid thereunder. American Nat. Ins. Co. v. Gallimore, Tex.Civ.App., 166 S.W. 17, point 1; Modern Order of Prætorians v. Davidson, Tex.Civ.App., 203 S.W. 379; State Mutual Life Ins. Co. v. Rosenberry, Tex. Com.App., 213 S.W. 242; National Aid Life Ass'n v. Miller, Tex.Civ.App., 43 S.W. 2d 623, error dismissed; Burchfield v. Home Ben. Ass'n, Tex.Civ.App., 73 S.W. 2d 559, error refused; Texas Prudential Ins. Co. v. Wiley, Tex.Civ.App., 80 S.W. 2d 1024, error dismissed; Casstevens v. Texas Standard Life Ins. Co., 137 Tex.

615, 155 S.W.2d 916; Texas Standard Life Ins. Co. v. Casstevens, Tex.Civ.App., 132 S.W.2d 134. The undisputed evidence shows that appellant offered a refund of the premiums paid under this policy immediately after it discovered the attempted fraud and concealment and kept up such tender to the time of trial.

Being of the opinion that the policy sued upon is a California contract and that appellant is not liable thereon under the California law as applied to the undisputed evidence in this case, the judgment of the trial court must be reversed. And since all available evidence appears to have been fully developed, it becomes the duty of this court to render such judgment as the trial court should have rendered. Accordingly, the judgment appealed from is reversed and judgment is here rendered in favor of appellant.