[S. F. No. 3084.   Department One.—February 13, 1905.]

## PROGRESSO STEAMSHIP COMPANY, Respondent, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.

MARINE INSURANCE—LAW OF PLACE OF PERFORMANCE.—A contract for marine insurance is to be governed by the law of the place of performance; and where the policies were made payable in San Francisco, they are governed by the law of California.

ID.—FINDING OF ACTUAL TOTAL LOSS—SUFFIENCY OF EVIDENCE.— Where the court found an actual total loss of the vessels insured as defined in subdivisions 3 and 4 of section 2704 of the Civil Code, the findings were sufficiently supported by evidence showing that they were so damaged that they could not be repaired so as to be towed to their port of destination, and that they were rendered useless to the owner for the purpose for which they were held to be used.

ID.—CONSTRUCTION OF CONTRACT—QUESTION RENDERED IMMATERIAL.— The question whether a provision in the policies°of insurance, that the vessels insured were "warranted free from all average and salvage," excluded "the right to abandon" for a "constructive loss" under section 2717 of the Civil Code, and limited the right of recovery to an actual total loss, is rendered immaterial by the support of the finding that the loss was an actual total loss.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   George H. Bahrs, Judge.

The facts are stated in the opinion.

Page, McCutchen, Harding & Knight, and Page, McCutchen & Eells, for Appellant.

A. H. Ricketts, for Respondent.

SMITH, C.—This is an appeal from a judgment for the plaintiff and from an order denying defendant a new trial. The suit was brought on two policies of insurance issued by defendant to the agents of the Yukon Transportation and Commercial Company, and made payable to plaintiff at San Francisco, insuring, in the sum of twenty-five hundred dollars each, two river steamboats, known as the Staghound and the

Gamecock, about to be towed from Portland, Oregon, to St. Michael, Alaska. The interest of plaintiff was that of mortgagee. Each policy besides the words of insurance contained the memorandum: "Warranted free from all average and salvage." The two steamboats when out about thirty-six hours from Astoria met with such damage from the seas that the towing steamer was compelled to return with them in a badly damaged condition to Astoria. Shortly after their return the assured gave notice of abandonment to the defendant, which declined to accept it on the specific grounds that the damage was partial, and that its insurance was "warranted free of all average," and against "absolute total loss only." Of the two steamers the Staghound was most injured. The subsequent history of the steamboats does not seem to be material to the case, but as some stress is laid upon it by the appellant it may be as well to state: That the two steamboats were libeled in the admiralty court for breach of contract of transportation and personal services and ultimately sold by the marshal with their equipments—the Gamecock for $5,596, and the Staghound for $4,497; that the Gamecock was made into a towboat at an expense of $4,000, and put to use as such on the river; and that the Staghound was broken up and her machinery removed into the hull of a new tugboat, and her hull converted into two barges.

One of the questions mainly discussed in the brief relates to the construction of the memorandum clause of the policy "warranted free from all average and salvage"; as to which it is claimed by the appellant that this limits the right of recovery to the case of "actual total loss" only, and excludes "the right to abandon" for "constructive total loss." In discussing this question it is rightly assumed by the counsel that as the contract provides for performance in San Francisco, the California law must govern. This will be found in sections 2704 and 2717 of the Civil Code—the former defining "actual," and the latter "constructive," total loss. But it seems that on this question the court below accepted the theory of the appellant, and found in effect that there was an actual total loss of the vessel as defined in subdivisions 3 and 4 of section 2704 of the Civil Code; and if this finding be supported by the evidence, the question discussed becomes immaterial. The question, therefore, to be considered is as

to the sufficiency of the evidence to support this finding; and on this question we are of the opinion that the evidence was such as to justify the court in finding that the vessels could not be repaired so as to be towed to St. Michael; and, indeed, with reference to the Gamecock, which was the least injured of the two, the witness Jones expressly so testifies. The court was therefore justified in finding that the owner of the vessels insured was deprived of their possession at the port of destination, and also in finding that they were rendered valueless to the owner for the purpose for which it held the same,—that is to say, for transporting freight and passengers on the Yukon River in Alaska. This conclusion renders it unnecessary to consider other questions discussed in the briefs.

We advise that the judgment and order be affirmed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Angellotti, J., Shaw, J.

Hearing in Bank denied.