———— CHAMBERS, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, New York County, June 5, 1933.

*Chambers, Greenbaum & Chambers* [*B. Arnold Chambers* of counsel], for the plaintiff.

*Louis H. Cooke* [*Kenneth de F. Carpenter* of counsel], for the defendant.

BLACK, J. Motion for judgment on pleadings. The sufficiency of the counterclaim is to be tested on this motion, and, if held insufficient, assuming the truth of the allegations contained therein, then plaintiff is entitled to judgment as prayed for in the complaint. The defendant by its counterclaim seeks to rescind that part of the policy

which provides for disability and double indemnity. The defendant tenders the amount received for these special benefits. The policies specifically except the incontestability for double indemnity and disability, and this exception is authorized by section 101, subdivision 2, of the Insurance Law. The law was amended in 1923 (Chap. 28) to cover the situation here involved, and the statute is effective to contracts issued after that date having such exception specified in the policy. I cannot agree with the plaintiff's theory that the contract here is but one in view of the statutory sanction given to life insurance companies to except from the incontestability clause the double indemnity and disability benefits. It will be observed that the policy in suit specifically shows the charge each year for double indemnity and disability benefits, so that it is not only possible but practicable to eliminate the benefits for which the plaintiff paid in the event that a final determination shall find that fraud and misrepresentation were practiced upon the defendant. Motion is denied. Order signed.