The Guardian Life Insurance Company of America, Appellant, *v.* Isidore Katz, Respondent.

First Department, December 7, 1934.

*Victor E. Whitlock* of counsel [*Holm, Whitlock & Scarff*, attorneys], for the appellant.

*Louis Susman* of counsel [*Gene Goldstein* with him on the brief; *Gene Goldstein*, attorney], for the respondent.

Martin, J. On November 21, 1931, this action in equity was brought by plaintiff for a decree rescinding and canceling the supplementary agreement annexed to a policy of life insurance issued by plaintiff upon the life of defendant, which agreement

provides for the payment of disability benefits by the plaintiff. The rescission was sought upon the ground that false and fraudulent representations were made by the defendant in obtaining the contract of insurance.

Several weeks after the commencement of this action, and on January 7, 1932, the defendant sued in the Municipal Court to recover $490 from the plaintiff as disability benefits claimed to be due under the supplemental agreement. The Municipal Court action was thereafter consolidated and disposed of with this Supreme Court action.

The court dismissed the complaint on the merits at the close of the trial and directed judgment for the defendant upon his counter-claim for disability benefits. This appeal was then taken by the plaintiff upon the ground that there was abundant proof of false and fraudulent representations by the defendant in his application for the issuance of the supplemental agreement; that the trial court erred in holding that the plaintiff failed to establish any misrepresentation; that the representations made were material to the risk and, being false and fraudulent, a rescission of the supplemental agreement should have been decreed in view of the fact that the supplemental agreement relating to disability benefits is entirely severable from the main contract or policy.

The respondent claims that no case for rescission has been made out; that the incontestability provisions in the policy bar the plaintiff from successfully maintaining an action for rescission and from avoiding payment of the benefits provided for in the agreement.

The plaintiff issued a $7,000 policy of insurance to the defendant upon payment on March 18, 1930, of a premium of $259.56. At the same time in consideration of an additional premium of $33.74 the defendant received a supplemental agreement from the plaintiff, under which it was agreed that upon due proof being received at the home office that defendant had become totally and permanently disabled as a result of bodily injury or disease so as to wholly and permanently prevent him from engaging in any work, business or occupation for compensation, gain or profit, plaintiff would waive payment of premiums during such disability and would pay a monthly income of one per cent of the face amount of the policy as long as such disability should continue.

In the application for the policy and supplemental agreement the insurance company says the defendant made the following representations: (1) That he had never applied for insurance of any kind without having received a policy of the exact kind and amount applied for; (2) that he had never been examined for or applied to

any company for insurance without having received a policy of the exact kind and amount applied for, and (3) that he had been last examined for insurance, either formally or informally, in the year 1927.

The complaint alleged that these representations were material, false and untrue, and were known to defendant to be such when made and were made with the intent and design to induce, and they did induce the plaintiff to issue the policy and supplemental agreement in reliance upon the truth thereof.

On or about April 15, 1931, the defendant filed with plaintiff proof of total and permanent disability as a result of disease. On April 30, 1931, defendant's claim was approved and he was paid $993.30, including $293.30 as a refund of the premium due on March 18, 1931; eight monthly income payments of $70 each covering a period from September, 1930, to April, 1931, and two payments of $70 each covering May and June, 1931, totaling $993.30.

In June, 1931, the insurance company says it learned that the defendant had made application to the New York Life Insurance Company for insurance in December, 1929, and received a medical examination shortly before he applied for the present insurance. When the insurance company acquired that information this action was brought to rescind the supplemental agreement. The one-year incontestability clause having run against the rescission of the policy itself, the plaintiff's action relates solely to the supplemental agreement.

At the trial it was shown that the defendant on December 31, 1929, applied for a $10,000 policy of insurance in the New York Life Insurance Company; that he was then examined by two doctors; that a Dr. I. H. Kugel, medical examiner of the insurance company, examined him on January 16, 1930, and reported that the defendant said he had a cold for about a week; the doctor found him suffering from a generalized bronchitis; that on January 29, 1930, a Dr. Goebel also examined the defendant for the New York Life Insurance Company and found him suffering from acute bronchitis and acute rhinitis.

The evidence established beyond question that the defendant applied to the New York Life Insurance Company for a $10,000 policy of life insurance; that he was examined and failed to receive the policy applied for; in fact, he received no policy whatever; that he was last examined for a policy in January, 1930, and not in 1927, as he set forth in his application. All three representations which were relied upon by the plaintiff appear to have been false.

We are of the opinion that the court erred in holding that plaintiff failed to establish material misrepresentations. The court decided

that the defendant not only had the right to withdraw his application with the New York Life Insurance Company before a complete physical examination was held, but that he did withdraw such application, and, therefore, there was in effect no application for insurance before that company. Despite the fact that two doctors examined him at that time and found him suffering from bronchitis and requested further examinations, which he refused to permit, it is defendant's contention that he was never examined in connection with an application for insurance, and that he, therefore, never applied for insurance which he did not receive.

While there may be a difference of opinion with reference to the answers made to some of the questions, there can be no doubt about an answer which says that the applicant had not been examined by a physician since 1927, when the fact was that he had been examined by two physicians in 1930, just prior to his application to the plaintiff, which examinations were clearly so unfavorable that the defendant discontinued his efforts to obtain the insurance from that company. If a truthful answer had been made to the questions contained in the application the insurance company would have discovered the fact that the defendant was suffering from a serious ailment, the nature of which was such that no insurance company would have issued a policy. The contract having been induced by false representations should be rescinded and canceled. (*American Surety Co.* v. *Patriotic Assurance Co.*, 242 N. Y. 54; *Sparer* v. *Travelers Ins. Co.*, 185 App. Div. 861.)

In *Jenkins* v. *John Hancock Mutual Life Insurance Co.* (257 N. Y. 289) the court said: "The untruthful answer defeats recovery on the policy. A truthful answer might have been followed with a medical examination or further inquiry."

On the question of incontestability, paragraph 17 of the policy expressly provides that it "shall be incontestable except for nonpayment of premium, and except as to such provisions as may be contained in a Supplemental Agreement, if any, attached hereto or indorsed hereon, relative to benefits in the event of total and permanent disability and the granting of additional insurance specifically against death by accident."

By the terms of the contract of insurance the right to contest, by action for a rescission or otherwise, the enforcibility of the disability benefit provisions is expressly reserved to the company, notwithstanding the lapse of the one-year period. Similar provisions have been construed and upheld. (*Connecticut General Life Ins. Co.* v. *Brandstein*, 233 App. Div. 723; *Chambers* v. *New York Life Ins. Co.*, 148 Misc. 561; 240 App. Div. 1027; *Rosso* v. *New York Life Ins. Co.*, 157 Miss. 469; 128 So. 343.)

The judgment should be reversed, with costs, and judgment directed for plaintiff as prayed for in the complaint, with costs.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiff as prayed for in the complaint, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.