MANHATTAN LIFE INSURANCE COMPANY, Respondent, *v.* AARON SCHWARTZ et al., Appellants.

Argued April 28, 1937; decided June 1, 1937.

*David Goldstein* and *Thomas Gold Frost* for appellants. The trial court erred in refusing to reform the policy in suit herein as prayed for in the counterclaim of the defendant assured. (*Hay* v. *Star Fire Ins. Co.,* 77 N. Y. 235; *Spoor Lasher Co., Inc.,* v. *Newburgh Gas & Oil Co.,* 280 N. Y. Supp. 585; 245 App. Div. 329; *Dekay* v. *Shore Haven Realty Co.,* 104 Conn. 47; *Waldon* v. *Skinner,* 101 U. S. 577; *Cardinal* v. *Mercury Ins. Co.,* 242 App. Div. 98; *Paskie & Co.* v. *Commercial Casualty Ins. Co.,* 223 App. Div. 603; *Bennett* v. *Agricultural Ins. Co.,* 106 N. Y. 243; *Steinback* v. *Prudential Ins. Co.,* 62 App. Div. 133; *Schuessler* v. *Fire Ins. Co.,* 103 App. Div. 12; *Lewitt & Co.* v. *Jewelers Safety F. Society,* 249 N. Y. 217; *Elwood* v. *Western Union Tel. Co.,* 45 N. Y. 549.) The right of plaintiff to recover is governed by the provisions of subdivision f of section 107 of the Insurance Law (Cons. Laws, ch. 28). (*Pyramid Life Ins. Co.* v. *Selkirk,* 80 Fed. Rep. [2d] 553; *Penn. Mut. Life Ins. Co.* v. *Hartle,* 166 Atl. Rep. 614; *New York Life Ins. Co.* v. *Kaufman,* 78 Fed. Rep. [2d] 398; *Chattanooga Sewer Pipe Works* v. *Dumler,* 120 So. Rep. 450; *Chambers* v. *New York Life Ins. Co.,* 148 Misc. Rep. 561; *Legg* v. *St.*

*John*, 296 U. S. 489; *Dominique* v. *Washington Life Ins. Co.*, 166 So. Rep. 628; *Hargett* v. *Gulf Ins. Co.*, 55 Pac. Rep. [2d] 1258; *Hopkins* v. *Conn. Gen. Life Ins. Co.*, 225 N. Y. 76; *Adam* v. *Manhattan Life Ins. Co.*, 204 N. Y. 357; *Union Indemnity Co.* v. *Dodd*, 21 Fed. Rep. [2d] 709; *Equitable Life* v. *Clements*, 140 U. S. 226; *New York Life Ins. Co.* v. *Cravens*, 178 U. S. 389; *Bunker* v. *U. S. Fidelity & Guaranty Co.*, 72 Fed. Rep. [2d] 899; *First Nat. Bank* v. *National Liberty Ins. Co.*, 156 Minn. 1; *Geer* v. *Union Mut. Life Ins. Co.*, 288 N. Y. Supp. 359.) Statements to bar recovery must be made with the conscious intent on the part of the insured to deceive the insurer as to the real facts inquired about. The word " actual " was inserted in the statute to preclude the courts from implying an intent to defraud as a matter of law. This, under the statute, can no longer be done. (*Independent Life Ins. Co.* v. *Carroll*, 222 Ala. 34; *Louis* v. *Connecticut Mut. Life Ins. Co.*, 58 App. Div. 137; 172 N. Y. 659; *Prudential Ins. Co.* v. *Winn*, 71 Fed. Rep. [2d] 126; *Johnson* v. *New York Life Ins. Co.*, 164 S. E. Rep. 175; *Horn* v. *Amicable Mut. Life Ins. Co.*, 64 Barb. 81; *Houston* v. *New York Life Co.*, 8 Pac. Rep. [2d] 435; *Washington Ins. Co.* v. *Lacey*, 45 Ohio App. 104.) The trial court committed material error in permitting a witness to testify that the plaintiff would have declined to issue the policy to the assured had it known at the time of the issuance of the policy of the alleged misrepresentations. (*Rawls* v. *American Mut. Life Ins. Co.*, 27 N. Y. 282; *Jefferson Ins. Co.* v. *Cotheal*, 7 Wend. 78; *Lewis* v. *Conn. Mutual Life Ins. Co.*, 68 N. Y. Supp. 688; *Sturm* v. *Williams*, 6 J. & S. 325; *Higbie* v. *Guardian Mut. Life Ins. Co.*, 53 N. Y. 603; *Edington* v. *Ætna Life*, 13 Hun, 551; *People* v. *Potter*, 36 Hun, 181; *Cook* v. *People*, 2 T. & C. 408; *Learned* v. *Ryder*, 61 Barb. 552.)

*John J. Cunneen* for respondent. Subdivision f of section 107 of the Insurance Law has no application to the policy. Even if it did apply, the false statement in

the application materially affected the acceptance of the risk or the hazard assumed by the insurer. (*Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Stanulevich* v. *St. Lawrence Life Ins. Co.*, 228 N. Y. 586; *Pyramid Life Ins. Co.* v. *Selkirk*, 80 Fed. Rep. [2d] 553; *Penn. Mut. Life Ins. Co.* v. *Hartel*, 166 Atl. Rep. 614.) No error was committed by the trial court in permitting a witness to testify that he would not have issued the policy with disability benefit provisions if he had known that the applicant had been declined for health and accident insurance, nor if he had known that the applicant already carried insurance with disability benefits and double indemnity provisions. (*Seymour* v. *Wilson*, 14 N. Y. 567; *Fisk* v. *Chester*, 74 Mass. 506; *King* v. *Fitch*, 1 Keyes, 432.) Such representations as made by the applicant have been held material as a matter of law, and there could be no error in finding them material as a matter of fact. The false representations relating to medical examinations and other insurance with disability and double indemnity benefits carried by the applicant were material as a matter of law. (*McCollum* v. *Mutual Life Ins. Co.*, 55 Hun, 103; 124 N. Y. 642; *Studwell* v. *Mutual Benefit Assn.*, 19 N. Y. Supp. 709; 139 N. Y. 615; *Marshall* v. *Scotland Employers L. & G.*, 85 L. T. [N. S.] 757; *Fletcher* v. *Bankers Life Ins. Co.*, 135 App. Div. 295; *Keck* v. *Metropolitan Life Ins. Co.*, 238 App. Div. 538; 264 N. Y. 422.) Whether the representations found to have been false were material as a matter of law or not, the trial court was justified, from the evidence, in finding that they were material as a matter of fact. (*Louis* v. *Connecticut Mut. Life Ins. Co.*, 58 App. Div. 137; *Rawls* v. *American Mut. Life Ins. Co.*, 27 N. Y. 282; *Klapholtz* v. *New York Life Ins. Co.*, 218 App. Div. 695.)

HUBBS, J. Plaintiff, on January 20, 1930, issued a policy on the life of defendant Aaron Schwartz in the sum of $15,000, which contained disability benefit and double indemnity accident provisions. Payments of disability

benefits were to be $150 monthly. In October, 1931, the said defendant claimed disability benefits. Plaintiff then discovered that statements in the application for the policy were false in the following particulars:

1. That he stated that the only insurance in force on his life was a policy of the New York Life Insurance Company for $25,000, with double indemnity and disability benefits, whereas he had $16,000 of like insurance in the Equitable.

2. That he stated he had never applied for insurance on his life without receiving a policy of the exact kind and amount applied for and at his actual age, whereas he had three times in 1925 and 1926 applied to the Continental for accident insurance and been refused.

It discovered also that the report of the medical examiner indicated that he had given untrue answers to questions, as follows

1. That he stated he had never undergone a medical examination for any life, health or accident insurance and failed to receive the exact amount or kind of policy applied for and at his actual age, whereas he had in 1925 and 1926 twice been examined for accident insurance by an examiner for the Continental and the policy refused.

2. That he had never received or applied for disability benefits, whereas he had on four occasions, in 1921 and 1922, received disability benefits from the U. S. Fidelity & Guaranty.

3. That he had never consulted a physician for ailments other than certain specified ones, whereas in 1921 and 1922 he had consulted a physician on five occasions for ailments differing in kind each time.

Plaintiff instituted this action for rescission of the double indemnity and disability features of the policy only, it being estopped from asking rescission of the life coverage because the policy contains a one-year incontestability clause. The defendant counterclaimed, asking for a reformation of the policy by substitution of correct answers in place of the untrue answers given in the

application and in the report of the medical examiner, claiming that he signed the application in blank and gave correct information to the agent and physician, but that they put in answers not in accord with the information given. Special Term found in favor of the plaintiff as to each of the claimed untrue statements, that they were inserted with knowledge on the part of the defendant, that he accepted the policy with the application and report thereon and was estopped from claiming mistake, and that the plaintiff issued the policy in reliance on the statements; that defendant was not entitled to a reformation of the policy and plaintiff was entitled to rescission of the disability and double indemnity features. The judgment in favor of plaintiff has been unanimously affirmed.

The appeal is by permission of this court, granted because of a contention that the incontestability clause applied as well to double indemnity and disability features of a policy as to the life coverage. That question has been determined contrary to the contention of defendant, and on the appeal no such claim is made. (*Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45; *Stroehmann* v. *Mutual Life Ins. Co.*, 300 U. S. 435.) Defendant's contention here is that section 107, subdivision f, of the Insurance Law (Cons. Laws, ch. 28), reading as follows: " The falsity of any statement in the application for any policy covered by this section shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer," applies to the disability and double indemnity features of the policy rather than section 58, which provides: " Every policy of insurance issued * * * by any life insurance corporation * * * shall contain the entire contract between the parties * * * and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. * * *."

Defendant argues that the burden of establishing actual intent to deceive or that the false statement materially affected acceptance of the risk is thereby cast on the plaintiff, who must by independent evidence establish as facts such matters. In other words, that it cannot be determined without such evidence that the representations were material and induced acceptance. Defendant contends that the only evidence to establish the materiality of representations in reference to acceptance of the risk is to be found in testimony given by the officer of the company who passed on the application, and that his testimony was improperly received over objection on the part of defendant.

In view of the fraud here relied upon, and the evidence contained in the record, we think the error, if any, in the receipt of such evidence does not constitute reversible error. Despite the fact that it is contended by defendant that section 58 is inapplicable to the disability and double indemnity features of this policy and that there must be independent proof of materiality as a matter of fact, thus precluding a finding of materiality of the representations without such evidence, such contention is not important because there is in the instant case independent proof of actual fraud. There is testimony of the examining physician that the untrue answers in his report were actually made by defendant. Also, without objection on the part of defendant, applications to another insurance company for an accident and health policy containing untrue statements were received in evidence. In such a case, where the finding, as a fact, that there was intent to deceive, can be based in part on evidence outside the application; where the representations are so numerous as to preclude the possibility that they resulted from mistake, or through inadvertence; where it appears, as in the instant case, that there was a deliberate attempt to obtain a policy through suppression of facts, we certainly are not called upon to

reverse for an alleged error in receipt of evidence such as here suggested. Neither does it matter whether section 58 or section 107, subdivision f, is deemed applicable to the double indemnity and disability features of this policy. In either case, as a matter of fact and as a matter of law, materiality of the representations is clearly indicated. It clearly appears that those features would not have been embodied in the policy had the true facts been stated. The trial court found that the defendant and the broker who testified in his behalf were not entitled to belief, and the testimony of the physician was worthy of belief.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.