[L. A. No. 15451. In Bank.—July 21, 1937.]

BERTHA COODLEY, Respondent, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Appellant.

Meserve, Mumper, Hughes & Robertson, Shirley E. Meserve, E. Avery Crary and Roy L. Herndon for Appellant.

Harry B. Ellison, Newlin & Ashburn, Paul Sandmeyer and Livingston & Livingston, as *Amici Curiae* on Behalf of Appellant.

Arthur Rosenblum for Respondent.

CURTIS, J.—This action was instituted by the plaintiff to recover certain disability benefits alleged to be due from the defendant under the terms of a certain policy of life insurance issued by the defendant company.

The policy of insurance was dated March 5, 1929, and provided, in consideration of the payment of the premiums stated therein, that the company would pay to the son of the plaintiff the sum of $3,000 upon the death of the insured, and in the case of the permanent disability of the plaintiff before the age of 60 years, the company "agrees to pay to the insured thirty dollars each month and to waive payments of premiums as provided therein". The policy further contained an incontestable clause, reading as follows: "Incontestability—This policy shall be incontestable after two years from its date of issue except for nonpayment of premiums and except as to provisions and conditions relating to disability benefits."

The premiums called for by the policy were regularly paid by the insured for a period of over two years, when the insured claimed to have suffered permanent disability, and filed her claim, accompanied by due proofs thereof, with the company for disability benefits under the terms of this policy.

The company approved the claim and for some months thereafter paid to the plaintiff disability benefits as provided for by the policy. These payments continued up to March 3, 1933, when the company refused to make any further payments to plaintiff under said policy. The plaintiff thereupon instituted this action to recover the disability benefits then due and unpaid. The defendant company answered and also filed a cross-complaint in which it asked for the rescission of that part of said policy providing for disability benefits and for the recovery of those disability payments theretofore made to plaintiff on her claim based upon her alleged permanent disability.

Upon these pleadings, the cause came on for trial before the court without a jury, and after the close of plaintiff's case and while defendant and cross-complainant was proceeding to put in its evidence in support of its answer and cross-complaint, an objection was made by plaintiff to the introduction of any evidence by the defendant and cross-complainant which might show fraud on the part of the insured in obtaining the insurance policy on the ground that such evidence was barred and precluded by the incontestable clause of the policy hereinbefore quoted. This objection was sustained by the trial court. The defendant thereupon made an offer to prove the allegation of its answer and cross-complaint, in which it alleged that the insured made certain false and fraudulent statements in respect to her health and previous hospital history in her application for insurance upon which application the defendant company issued to plaintiff said policy of insurance. This offer was refused and the trial court rendered judgment in favor of the plaintiff. From this judgment the insurance company has appealed.

Appellant contends that it had the right to contest said claim and rescind the disability portion of the policy by reason of the false and fraudulent statements made by the insured in said application and that this right is within the exception of the incontestable clause referring to "provisions and conditions relating to disability benefits". It might be said here that the first page of the policy, except the title page, contains a heading entitled "Total and Permanent Disability". Under this heading are set forth certain terms and conditions under which the insured is entitled to receive disability benefits.

■ The validity and binding effect of an incontestable clause upon the parties to an insurance policy was sustained by this court in the case of *Dibble* v. *Reliance Life Ins. Co.*, 170 Cal. 199 [149 Pac. 171, 174, Ann. Cas. 1917E, 34]. It was there held "that a provision in a life insurance policy to the effect that after being in force the specified time, it shall be incontestable, precludes any defense after the stipulated period on account of false statements warranted to be true, even though such statements were fraudulently made, unless by the terms of the policy fraud is expressly or impliedly excepted from the effect of such provision". This rule seems to be universally accepted. (Encyclopedia of Law of Insurance, (Couch) sec. 2155, p. 6961; Cooley's Briefs on Insurance, vol. 5, p. 4501 et seq.; Joyce on Insurance, 2d ed., vol. 5, pp. 6112 and 6113.)

Appellant concedes that these authorities correctly state the law upon the subject of the effect of an incontestable clause in a life insurance policy, but contends that the exception in such clause in the policy of insurance issued to the respondent expressly included the right to defend on any and all grounds any claim made by the insured for disability benefits and did not debar or preclude appellant from asserting its right to contest said claim and rescind the disability portion of the policy for the alleged fraud and misrepresentation of respondent in her application for said policy.

■ On the other hand, it is respondent's contention that the exception in the incontestable clause "as to provisions and conditions relating to disability benefits" reserves only unto the insurance company the right to set up as defenses against any claim for disability benefits, the provisions and conditions set forth in the body of the policy, viz., on page headed "Total and Permanent Disability", and that fraud not being mentioned as a provision or condition under such heading, and not being excepted in the incontestable clause itself, that, therefore, the defendant and appellant is barred and precluded by the incontestable clause from contesting the policy and any claim thereunder on the grounds of alleged fraud in the application and precluded from attacking the validity of the policy, or any portion or part thereof, for alleged fraud in the application, or in the procuring or inception of said policy.

The legal proposition involved in this cause has been the subject of many recent decisions of both our federal and state courts. We will briefly refer to those of the federal courts. The case of *Ness* v. *Mutual Life Ins. Co. of New York*, 70 Fed. (2d) 59, decided in 1934 by the Circuit Court of Appeals of the Fourth Circuit, construed an incontestable clause in a life insurance policy substantially the same in legal effect as the clause now under discussion in the policy issued to the respondent. In the opinion in that action the court reviews the decisions of various courts that have had before them the question now before us. It will not be necessary to give in detail the reasons upon which the court based its conclusions nor to discuss the authorities upon which the decision is based. It is sufficient to state that the court upheld the contention of the insured that the incontestable clause precluded and debarred the insurance company in its action to have the policy rescinded from raising the question of the insured's fraud in the procurement of the policy. No petition for writ of *certiorari* to the Supreme Court of the United States was made in that action. That decision was followed by two from the Circuit Court of Appeals of the Ninth Circuit, decided May 13, 1935. (*New York Life Ins. Co.* v. *Kaufman*, 78 Fed. (2d) 398, and *Mutual Life Ins. Co. of New York* v. *Markowitz*, 78 Fed. (2d) 396.) A petition to the Supreme Court to review the Kaufman case was denied. (296 U. S. 626 [56 Sup. Ct. 149, 80 L. Ed. 445].) No such petition was made in the Markowitz case. Those cases were followed by three decisions of the Circuit Court of the United States, all contrary to the conclusion reached in the Ness, Kaufman and Markowitz cases. These later cases were *Pyramid Life Ins. Co.* v. *Selkirk*, 80 Fed. (2d) 553, decided January 3, 1936 (Fifth Circuit); *Mutual Life Ins. Co. of New York* v. *Stroehmann*, 86 Fed. (2d) 47, decided October 6, 1936 (Third Circuit) and *Gatti* v. *New York Life Ins. Co.* (not reported), decided October 6, 1936 (Third Circuit). No petition for review was made in the Selkirk case. A petition was made and granted in the Stroehmann case, and a rehearing was granted in the Gatti case. The Stroehmann case came on for hearing before the Supreme Court of the United States and a decision therein was rendered March 29, 1937 (*Stroehmann* v. *Mutual Life Ins. Co. of New York*, 300 U. S. 435 [57 Sup. Ct. 607, 81 L. Ed.

732]), reversing the judgment of the Third Circuit Court of Appeals, and following the Ness, Kaufman and Markowitz cases. This decision of the Supreme Court appears to be predicated upon its conclusion that the incontestable clause was uncertain and that by the well-established rule governing the interpretation of insurance policies, this uncertainty must be construed in favor of the insured. The final paragraph of the decision of the court reads as follows: "Without difficulty respondent (the insurance company) could have expressed in plain words the exception for which it now contends. It has failed, we think, to do so, and applying the settled rule, the insured is entitled to the benefit of the resulting doubt."

In view of these decisions of the federal courts, we think it unnecessary to review the cases from the state courts involving the construction of a clause like that contained in the policy issued to the respondent. They are not in entire harmony, but when considered with those from the federal courts, we think that the great weight of authority supports the position of the respondent in this action. We will, however, refer to one case from our own state, decided by the Third District Court of Appeal, being the only case to our knowledge in this state in which an incontestable clause similar to that contained in the policy issued to respondent has been construed. The case referred to is *Mutual Life Ins. Co.* v. *Margolis,* 11 Cal. App. (2d) 382 [53 Pac. (2d) 1017]. While the court in that case held that there was no ambiguity in such a clause, it further held that after the period of contestability had expired an incontestable clause precludes any defense that the provisions in the policy providing for disability benefits were procured by fraud, and precludes a contest of the policy on any grounds which are not specifically excepted in the clause itself.

The authorities cited herein, we think, without any question support the conclusion reached by the trial court. The judgment, therefore, is affirmed.

Langdon, J., Seawell, J., Nourse, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.

Rehearing denied.