## NEW YORK LIFE INS. CO. v. WATERMAN.

### No. 8972.

Circuit Court of Appeals, Ninth Circuit.

June 13, 1939.

Petition for Rehearing Denied July 21, 1939.

Meserve, Mumper, Hughes & Robertson, of Los Angeles, Cal. (E. Avery Crary, of Los Angeles, Cal., of counsel) for appellant.

Arthur Rosenblum, of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This action was brought by the New York Life Insurance Company of New York to cancel a reinstatement after lapsa-

tion of two insurance policies of life and health, issued to Samuel L. Waterman, the appellee, upon the ground that such reinstatement was procured by fraudulent representation concerning his condition of health and insurability.

The trial court sustained a motion to dismiss upon the ground that the period of two years fixed in the insurance policy for contest had expired long before the reinstatement occurred and that the policy became incontestable for past or future fraud when that period expired. The Insurance Company has appealed from the judgment of dismissal.

The fraud alleged in the bill for cancellation of the reinstatement is in knowingly and untruthfully answering questions in the petition for reinstatement received by the Insurance Company on April 30, 1937. It consisted in an affirmative answer to the question, "Are you now, to the best of your knowledge and belief, in the same condition of health as you were when this Policy was issued? (If not, give details).", and a negative answer to the question, "Within the past two years have you had any illnesses, diseases or bodily injuries or have you consul.ed, or been examined or treated by any physicians or practitioners? (If so give full details, including nature, date, and duration of each illness, disease or injury, the name of each physician or practitioner, and the dates of and reasons for consultation or treatment)."

The bill alleges that insured knew he was in a much poorer condition of health on April 30, 1937, than when the policy was issued on March 17, 1926, some 11 years before, and that he had had within two years an acute attack of infectious arthritis and a heart ailment for which he had consulted and was treated by physicians and sufficiently severe to require hospitalization.

Rescission of the reinstatement was promptly sought by the insurer and the allegations warrant a rescission unless prevented by a two year incontestable clause of the policy. The clause provides: "Incontestability.—This Policy shall be incontestable after two years from its date of issue except for nonpayment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits." As shown, the alleged fraud occurred 9 years after the expiration of the two years from date of issuance of the policy.

The district court held, and the insured contends here, that the law determining the right to contest the fraudulent procurement of the reinstatement, as affected by the incontestability clause, is that of California, the place of the making of the contract, and that under the California law the Insurance Company was precluded by the expiration of the two years of the incontestability clause from securing, in equity, the rescission of the restoration of the policy even though it was procured by fraud. That is to say, the district court in effect construed the incontestability clause to read, "If the insured's policy lapse by nonpayment of premiums, he may secure its reinstatement by fraudulent representations to the insurer, if made when two years have elapsed from the execution of the policy. If he succeeds in deceiving the insurer, the reinstatement so procured is incontestable by the latter, even though it promptly attempts rescission on discovery of the fraud".

Such an objective of the contract for incontestability, as the court's decision necessarily requires the instant provision to be construed, is not for a "repose" analogous to statutes of limitation. It does not refer to a past transaction, the "security" of which may be destroyed because the witness may have died or disappeared. California decisions holding the incontestable clause precludes a contest for fraud in the application for the policy are not relevant to the subsequent fraud here.[1]

Unless the incontestability agreement has the objective to exempt the insured from responsibility for his own fraud, committed after the execution of the policy, it gives no support to the insured's contention that he may commit with impunity the fraud charged. If that is the objective of the agreement, it is not only repugnant to common decency, and a violation of the principle of uberrima fides governing the insured's disclosures of known conditions affecting the risk,[2] but an agreement having such an objective is specifically de-

[1] Coodley v. New York Life Insurance Company, 9 Cal.2d 269, 70 P.2d 602; Mutual Life Insurance Co. v. Margolis, 11 Cal.App.2d 382, 53 P.2d 1017; James v. Colonial Mutual Life Ass'n, 7 Cal. App.2d 748, 47 P.2d 362.

[2] Stipcich v. Metropolitan Life Insurance Company, 277 U.S. 311, 316, 48 S. Ct. 512, 72 L.Ed. 895.

clared unlawful by the California Civil Code. That provision is:

"§ 1668. Certain contracts unlawful. All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

The California Supreme Court has had occasion to consider the applicability of this code provision to insurance policies. In Dibble v. Reliance Life Ins. Co., 170 Cal. 199, 149 P. 171, Ann.Cas.1917E, 34, the court recognized that § 1668 of the Civil Code of California applied to insurance as well as all other contracts, and that it prohibited a clause in an insurance policy which would permit the insured to exempt himself from such a gross fraud as here alleged. It permits the application of the incontestability clause only on the ground that it is the equivalent of a statute of repose. It holds, (170 Cal. 199, 149 P. at page 173, Ann.Cas.1917E, 34) " 'A more serious question is presented by the consideration of section 1668 of the Civil Code, providing as follows: "All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud * * * are against the policy of the law." It is not disputed that it is within the province of the Legislature to declare such principle of public policy, and that it should be enforced. It is claimed, however, that the section has no application to insurance policies, but I find no warrant for this contention. "All contracts" certainly include contracts of insurance, but I am inclined to the view that, properly speaking, it was not the object of the parties to said insurance policy to exempt the insured from the consequences of his fraud, but the object and effect of said incontestable clause was simply to provide a shorter term for maintaining said claim than is prescribed by the statute of limitations. In other words, in my opinion, by said section the Legislature did not intend to condemn a contract that in the interest of repose and security would fix a reasonable limit for the time in which such defense might be successfully urged, but the intention was to preclude a contract that would altogether relieve either party of the consequences of his own fraud.' "

Here, within a time as short as proper investigation would warrant, the fraud was discovered and the necessary steps for rescission taken. If the incontestable clause, whose two years had expired before the fraud was committed, is permitted to govern the fraudulent transaction, it "would altogether relieve * * * [the insured] of the consequences of his own fraud". We hold that the district court erred in its interpretation of the California law and that under § 1668 of the Civil Code of California a rescission of a reinstatement procured by fraud is not here prevented by the incontestable clause of the policy.

The appellant contends that the New York law controls the interpretation of the incontestability clause because the reinstatement covenant of the policy provides that the presentation of the statements necessary to procure reinstatement must be at the home office in New York and some other provisions are to be performed there. Appellant relies on § 1646 of the Civil Code of California, providing: "Law of place. A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

Not all the covenants of the policy necessarily must be performed in New York. Payment of premiums is ordinarily the performance most often occurring during the existence of a life insurance policy. The policy provides concerning the payment of premiums that: "All premiums are payable on or before their due date at the Home Office of the Company or to an authorized agent of the Company but only in exchange for the Company's official premium receipt signed by the President, a Vice-President, a Second Vice-President, a Secretary or the Treasurer of the Company, and countersigned by the person receiving the premium. No person has any authority to collect a premium unless he then holds said official premium receipt. * * *". (Emphasis supplied)

We cannot shut our eyes to the general practice of the great life insurance companies, such as is the appellant, to appointed accredited agents for the receipt of premiums in the states other than New York, in which vast numbers of their business transactions are conducted. Hence the contract may be shown to be contemplated by the parties to be performed as to the payment of premiums in the state of the delivery of the life policy and as to

other covenants in New York. Cf. Ostroff v. New York Life Ins. Co., 9 Cir., 104 F. 2d 986, this day filed. A question arises whether the incontestable clause, which we have shown is in the nature of a statute of limitations, is to be construed under the law of the state of performance of the acts contended to violate the covenant which is the basis of the contest, or by the law of the forum as a defense in the nature of a statute of limitations. Also, is the question whether the conflict of laws rule of New York should be applied and whether the law of New York construes such a contract as this in accordance with the law of the place of making, here, the California law. Cf. 51 Harv.L.Rev. 1165, et seq. Also, is the question what law binds a federal court in determining a dispute arising from a conflict of laws. Cf. 52 Harv.L.Rev. 1002, et seq.

██ It is unnecessary for us to decide these questions, for we find that, as in California, the law of New York allows the rescission of the reinstatement of the policy for such a fraud as here alleged. The Court of Appeals of the State of New York has held that the reinstatement of a policy is in legal effect a new contract and, consequently, that the incontestability period, so far as it pertains to fraud in securing the reinstatement, begins to run at the time of reinstatement. McCormack v. Security Mut. Life Ins. Co., 220 N.Y. 447, 116 N.E. 74; see, also, Teeter v. United Life Ins. Co., 159 N.Y. 411, 54 N.E. 72; Smith v. State Mutual Life Assur. Co. of Worcester, 321 Pa. 17, 184 A. 45; Pacific Mutual Life Ins. Co. v. Galbraith, 115 Tenn. 471, 91 S.W. 204, 112 Am.St.Rep. 862. Compare, Rosenthal v. New York Life Ins. Co., 8 Cir., 94 F.2d 675; Johnson v. Country Life Ins. Co., 284 Ill.App. 603, 1 N.E.2d 779; New York Life Ins. Co. v. Burris, 174 Miss. 658, 165 So. 116. As seen, the rescission of the reinstatement was made promptly and long before the expiration of the two years after the reinstatement was made.

We therefore hold that the bill states a cause for the rescission prayed for and remand the case for the answer of the insured appellee, if answer can be made.

Reversed and remanded for further proceedings.

WILBUR, Circuit Judge (concurring).

I concur in the reversal for the following reasons:

This action was brought by the New York Life Insurance Company of New York to cancel a reinstatement after lapsation of two insurance policies of life and health, issued to Samuel L. Waterman, the appellee, upon the ground that such reinstatement was procured by fraudulent representation concerning his condition of health and insurability.

The trial court sustained a motion to dismiss upon the ground that the period of two years fixed in the insurance policy for contest had expired long before the reinstatement occurred and that the policy became incontestable for past or future fraud when that period expired. The Insurance Company has appealed from the judgment of dismissal.

The appellant contends that under a logical interpretation of the policies it had a reasonable period after the reinstatement to investigate the truth of the representations made to secure its consent to the reinstatement and that it made the investigation within a reasonable time, and that when it discovered the fraud it promptly gave notice of rescission and brought this action to rescind. It also contends that the state of New York is the place of performance of the insurance policy, and that under the law of California, where the policy was delivered, the law of the place of performance controls in the interpretation of the contract and, consequently, the incontestability clause must be interpreted in accordance with the law of New York, which it claims makes the incontestability clause also applicable to the reinstatement and thus fixes a period of not exceeding the two years specified in the policy wherein the Insurance Company may contest the reinstatement of the policies upon the ground that such reinstatement was procured by fraud.

The appellee contends that the incontestability clause prevents contest of the policy on any ground not excepted in that clause, later than two years after the issuance of the policy. Appellee contends that the law of California (the law of the forum and of delivery of the policy) controls in the determination of the validity of the reinstatement and, consequently, the question as to the applicability of the incontestable clause to the reinstatement is to be determined by the law of California, that the question has not yet been decided in California and, hence, is to be determined by this court according to its inde-

pendent judgment as to the proper interpretation of the contract.

Before passing upon these questions I will state the facts alleged in more detail.

The policy for $10,000 was executed and delivered March 17, 1926. The policy lapsed for the nonpayment of the premium due March 17, 1937. April 30, 1937, the appellee applied for reinstatement of the policy, making certain false statements as to his health, upon the faith of which the policy was reinstated May 6, 1937. In September, 1937, the appellee applied for insurance benefits under the policy, claiming to be totally and permanently disabled. This claim of total disability, which was based upon a claim that the insured was disabled by arthritis, coming so soon after reinstatement, resulted in an investigation which disclosed that the appellee was suffering from chronic arthritis of an infectious type, and that at the time the insured applied for reinstatement, and contrary to his representations, he had consulted at least two physicians therefor, within two years of the application for reinstatement. On November 16, 1937, the appellant Insurance Company notified the insured that it rescinded the contract of reinstatement. The complaint herein was filed December 9, 1937. The second policy for $5,000 was issued February 8, 1932. The premium due January 25, 1937, was not paid and the policy lapsed. Reinstatement was applied for by the insured April 30, 1937. The application was granted May 13, 1937. The appellant Company served notice of rescission of said reinstatement on November 16, 1937.

The incontestability clause[1], the reinstatement clause[2], the clause designating the place for the payment of benefits[3], and the clause designating the place for the payment of premiums[4], of the two policies, are shown in the margin.

The Supreme Court, in a recent decision, has held that an insurance policy delivered in a state is to be interpreted according to the law of that state. Mutual Life Insurance Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398. This holding is further fortified by the still more recent decisions in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ruhlin et al. v. New York Life Ins. Co., 304 U.S. 202 58 S.Ct. 860, 82 L.Ed. 1290; New York Life Ins. Co. v. Jackson, 304 U.S. 261, 58 S.Ct. 871, 82 L.Ed. 1329; Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330, wherein it is held that it is the duty of the federal courts to apply the law of the applicable state, although the same language of the policy may be construed differently in different states.

The statute of California (§ 1646 Cal. Civ.Code) provides that a contract made in California is to be interpreted according to the law or usage of the place where it is to be performed.[5] The Supreme Court of California has held that an insurance policy is to be construed according to the law of the place of performance. Harrigan v. Home Life Ins. Co., 128 Cal. 531,

---

[1] "Incontestability. This policy shall be incontestable after two years from its date of issue except for nonpayment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

[2] "Reinstatement. This policy may be reinstated at any time within five years after any default, upon written application by the insured and presentation at the home office of evidence of insurability satisfactory to the company and upon payment of overdue premiums with five per cent interest thereon from their due date. Any indebtedness to the company at date of default must be paid or reinstated with interest thereon in accordance with the loan provisions of the policy."

[3] "The Contract. * * * All benefits under this policy are payable at the home office of the company in the city and state of New York."

[4] "Payment of Premiums. All premiums are payable on or before their due date at the home office of the company or to an authorized agent of the company, but only in exchange for the company's official premium receipt signed by the president, a vice-president, a second vice-president, a secretary or the treasurer of the company, and countersigned by the person receiving the premium. No person has any authority to collect a premium unless he then holds said official premium receipt. * * * The payment of the premium shall not maintain the policy in force beyond the date when the next payment becomes due, except as to the benefits provided for herein after default in premium payment."

[5] "§ 1646. Law of place. A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

542, 58 P. 180, 61 P. 99; Progresso S. S. Co., v. St. Paul Fire & Marine Ins. Co., 146 Cal. 279, 280, 79 P. 967; § 1646, Cal. Civ.Code. That court has also held that the place for the payment of benefits is the place of performance. Burr v. Western States Life Ins. Co., 211 Cal. 568, 296 P. 273. The law of New York was applied by the Appellate Department of the Superior Court in and for the County of Los Angeles, State of California, in construing two policies of the appellant issued in California. The court held that under § 1646 Cal.Civ.Code, supra, the law of the place of performance controlled in interpreting the policies. Cora Smith, Admx., v. New York Life Ins. Co.,[6] A-3788, decided April 14, 1938, and in Furst v. New York Life Ins. Co.,[6] A-3895, decided April 22, 1938. The same rule was stated in Flittner v. Equitable Life Assur. Co. of United States, 30 Cal.App. 209, 157 P. 630, but was dictum. The home office of the appellant in New York City is designated as the place for the payment of benefits and premiums and for the presentation of the written application for reinstatement with evidence of insurability.

It is suggested by the appellee that because under the terms of the policy premiums might be paid elsewhere than in New York the place of performance is uncertain and, hence, the policy should be interpreted according to the law of California, the place of its execution by delivery. Appellee quotes 12 C.J. 451 to the effect that where a contract is to be performed partly in the state where made and partly in another the contract is to be construed according to the law of the place where the contract is made.

It is sufficient to say that the only place named in the policy for the payment of premiums is New York, which is also the place for the payment of benefits. We are not confronted with a situation where the policy names different places of performance.

The Court of Appeals of the State of New York has held that the reinstatement of a policy is in legal effect a new contract and, consequently, that the incontestability period, so far as it pertains to fraud in securing the reinstatement, begins to run at the time of reinstatement. McCormack v. Security Mut. Life Ins. Co., 220 N.Y. 447, 116 N.E. 74; see, also, Teeter v.

United Life Ins. Co., 159 N.Y. 411, 54 N.E. 72. See, also, Smith v. State Mutual Life Assur. Co. of Worcester, 321 Pa. 17, 184 A. 45; McCormack v. Security Mut. Ins. Co., 220 N.Y. 447, 116 N.E. 74; Pacific Mut. Life Ins. Co. v. Galbraith, 115 Tenn. 471, 91 S.W. 204, 112 Am.St.Rep. 862. Compare, Rosenthal v. New York Life Ins. Co., 8 Cir., 94 F.2d 675; Johnson v. Country Life Ins. Co., 284 Ill.App. 603, 1 N.E.2d 779; New York Life Ins. Co. v. Burris, 174 Miss. 658, 165 So. 116.

The appellee claims that the incontestability clause should be construed according to the law of California because it relates to the question of the validity of the policy. The question involved does not go to the validity of the policy but to the effect of the incontestability clause upon a reinstatement of the policy, whether considered as a new contract or waiver of a default under the old.

Appellee also claims that this incontestability clause is in the nature of a statute of limitation and, hence, the law of the forum should control. It has been likened by the courts to a statute of limitation when considering the question as to whether or not the parties could contract in such manner as to permit one of the parties to escape the consequences of fraud. However, it is not a statute of limitation, but is a contract to be construed according to the intention of the parties.

Appellee also claims that to interpret the policy according to the law of New York would be contrary to the public policy of the State of California and a violation of an express provision of the insurance code. This position can hardly be sustained in view of the statutory law of California, Cal.Civ.Code § 1646, supra, permitting persons to agree that their contract should be construed in accordance with the law of the state of performance. Nor is there anything in § 700 of the Insurance Code of California, St.1935, p. 512, cited by appellee, requiring insurance agents to comply with the law of the state, to justify the contention that the laws of California are to be applied in the interpretation of a contract of insurance if the parties designate another state as the place of performance.

If, however, we assume, as appellee contends, that the law of California controls, either because it is the place where

---

[6] No opinion for publication.

the contract was made or because there are different places of performance permitted in the policy or because it is the law of the forum and if, because there are no controlling decisions by the Supreme Court of California, we should exercise our independent judgment as to what is the law of California, we find that this court has already exercised its independent judgment as to the effect of the incontestability clause upon a reinstatement procured by fraud, in Great Western Life Ins. Co. v. Snavely, 9 Cir., 206 F. 20, 21, 46 L.R A..N.S., 1056 where we applied the New York rule (supra) in construing such a policy of life insurance. In that case we held that the reinstatement could not be attacked after the lapse of the one year period fixed in the policy there under consideration. The question of whether it could be attacked after the lapse of a reasonable period for investigation and before the expiration of the period fixed for incontestability was not considered in that case and need not be considered here for the reason that the appellant acted promptly in the case at bar in investigating fraud and in giving notice of rescission, and in bringing this action.