## OSTROFF et al. v. NEW YORK LIFE INS. CO.
### No. 9024.

Circuit Court of Appeals, Ninth Circuit.
June 13, 1939.

Petition for Rehearing Denied
July 21, 1939.

As Amended on Denial of Rehearing
July 21, 1939.

Halverson & Halverson and George Halverson, all of Los Angeles, Cal., for appellants.

Meserve, Mumper & Hughes, of Los Angeles, Cal. (E. Avery Crary, of Los Angeles, Cal., of counsel), for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by Ostroff, insured under a policy of the appellee insurance company, insuring both life and permanent total disability, from a declaratory judgment of the district court in a suit brought by insured against the company.

The insurance company had attempted to rescind the policy as to its disability provisions, and the issues tendered by the prayer for declaratory judgment are: " * * * with respect to the right or power of the defendant to rescind said policy of insurance in the premises so far as disability is concerned, and whether said policy is incontestable after two years from date thereof, except for payment of premiums or whether the premiums specified therein are waived on said policy during the continuance of said total disability, and whether defendant is required to pay said monthly disability payment from and after the 19th day of July, 1936, during the continuance of said disability." The insurance company's answer prayed only for a declaratory judgment on its right to rescind. So far as performance of the contract is involved, the suit concerns both the payment of premiums and the payment of benefits.

The district court held the insurance contract, though made in California, should be construed under the law of the State of New York. It held that under that law the fraud of the insured in his application for the policy, if proved, permitted the company, more than two years after the delivery of the policy, to cancel the disability insurance of the policy despite its incontestability clause reading:

"Incontestability.—This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

WILBUR, Circuit Judge, dissenting.

————◆————

The district court held that the place of performance of the agreements of the policy is the State of New York and that, since the policy was made in California and the California law requires the contract to be construed according to the law of the state of performance, the New York law controlled.

Section 1646 of the California Civil Code provides: "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

The court below held that the terms of the contract required both the premiums and the benefits of the policy to be payable in New York and that, since these are the major incidents of performance, the contract was to be performed in New York and should be interpreted according to its laws.

We do not agree that the premiums are agreed to be paid solely in New York. The policy provides: "Payment of Premiums. All premiums are payable on or before their due date at the Home Office of the Company **or to an authorized agent of the Company,** but only in exchange for the Company's official premium receipt signed by the President, a Vice-President, a Second Vice-President, a Secretary or the Treasurer of the Company, and countersigned by the person receiving the premium. No person has any authority to collect a premium unless he then holds said official premium receipt. * * *". (Emphasis supplied)

At the hearing here, this court suggested it was considering the propriety of taking judicial notice that the great life insurance companies, like the New York Life Insurance Company, had "accredited agents" in many of the states and it was inconceivable for the vast amount of appellee's business conducted in the State of California that there were no authorized agents for the receipt of premiums in that state. The company then admitted that it had such agents in California at the time the policy was issued and that such policies as Ostroff's were serviced there with respect to premium collections, and that the premiums were paid in California. We treat the pleadings as showing such to be the fact.

The case differs essentially from Head v. New York Life Ins. Co., 10 Cir., 43 F. 2d 517, 519, where a similar premium payment clause was involved, and the policy was construed according to the New York law, but it was not shown in what state the policy was issued and it "affirmatively appeared" that the premiums and benefits were payable in New York. Such also is the case of Monahan v. New York Life Ins. Co., D.C., 26 F.Supp. 859, 861, where it appears only that the premiums were payable in New York. Here it affirmatively appears they were payable and paid in California.

In the case of Flittner v. Equitable Life Assur. Soc., 30 Cal.App. 209, 157 P. 630, in which was involved a policy having a similar premium payment provision, there is a dictum, recognized as such and criticized in the later case of Eaton v. Thieme, 15 Cal.App.2d 458, 466, 59 P.2d 638, that though the parties contemplated the premiums were to be paid in California, nevertheless the performance of such payments was provided to be in New York. With this we do not agree. The policy in the Flittner case, similar to that here considered, provided they were payable at the home office "or to any agent or agency cashier of the society". [30 Cal.App. 209, 157 P. 631.] Since the phrase "payable * * * to any agent" is uncertain as to the place where the agent may accept the premiums, it is an elementary rule of the law of contracts, declared in section 1647 of the California Civil Code, that it may be made certain by parol, as it was in the Flittner case (and here by the statement of the insurance company) which had printed the policy form. The policies in both cases constitute agreements to be performed in part in California.

What was held in the Flittner case was that, despite the fact the insurance contract was to be performed in New York, the question of the challenge of the validity of its making,—there a minor seeking recovery of premiums paid by him,—is to be determined by the law of California, the place of its making. There was no question of an incontestability clause and the holding is not inconsistent with the conclusion reached on this appeal.

We thus have a contract in which in the ordinary course the repeated payments of premiums, constituting by far the greater number of performances of its terms, are to be performed in California.

The question then is, what is the applicability of the California Civil Code sec-

tion 1646 where the insurance contract is to be performed in part in California and in part in New York, and the contest concerns nothing of the performance of the contract, but the legality of its making.

We are unable to find any other decisions of the California courts in which the question has been discussed. In Harrigan v. Home Life Ins. Co., 128 Cal. 531, 542, 58 P. 180, 61 P. 99, it appears that the parties agreed the New York law controlled the interpretation of a New York statute. In Progresso S. S. Co. v. St. Paul F. & M. Ins. Co., 146 Cal. 279, 79 P. 967, the performance of which the insurance company was claimed to be obligated was the payment of insurance against total loss of a vessel, expressly made payable at San Francisco. No more was held than that the question of what constituted a total loss, i. e. the question of the performance of the payment of the benefit of the policy, should be determined by the California law. It suggests nothing as to what law would govern the interpretation of an incontestable clause in a contract to be performed in part in one and in part in another state, particularly one affecting a fraud before there was any contract to be performed.

In Burr v. Western States Life, 211 Cal. 568, 296 P. 273, the sole question was the place of performance of payment of the benefits under the policy. The policy was construed as requiring the payment of later benefits claimed at San Francisco because the first payment was required by the policy to be paid there. It is obvious that if the policy had provided for the payment of later benefits at the residence of the insured, the place of performance would have changed as his residence changed. The case is against the theory that there is but one place of performance of all the covenants of an insurance policy and says nothing of the interpretation of a policy to be performed in part in one state and in part in another.

■■ Without deciding what law would control the interpretation of the incontestability clause if the contract were entirely to be performed in New York, we hold that since the policy is to be performed both in California and New York, and the case concerns the making and not the performance of the contract, the law of California, the place of making of the contract, controls. Cf. 12 C.J. 451. Under the California law, an incontestability clause such as that here involved precludes a contest as to the validity of the making of the policy, both as to its life and disability insurance, on a charge of fraud in the application for the policy after two years have elapsed from its date of issue. Coodley v. New York Life Ins. Co., 9 Cal.2d 269, 70 P.2d 602; Dibble v. Reliance Life Ins. Co., 170 Cal. 199, 149 P. 171, Ann.Cas.1917E, 34. Cf. New York Life Ins. Co. v. Kaufman, 9 Cir., 78 F. 2d 398; Stroehmann v. Mutual Life Co., 300 U.S. 435, 440, 57 S.Ct. 607, 81 L.Ed. 732.

Another question presented for declaratory judgment is whether the premiums specified in the policy are waived by the company during the period of continuous total disability. The provision of the policy with respect to waiver of premiums is: "Waiver of Premium.—The Company will waive the payment of any premium falling due during the period of continuous total disability, the premium waived to be the annual, semi-annual or quarterly premium according to the mode of payment in effect when disability occurred." (Emphasis supplied).

■■ The words "any premium" may be construed to mean the entire premium to be paid, though made up in part by the consideration for the life insurance and in part that for the disability insurance. Construing the phrase, as we must, in favor of the insured, we hold that during the period of continuous total disability, payment of all premiums is waived by the insurance company.

Other errors in the judgment are urged, but the disposition we make of the questions considered make their consideration unnecessary.

The district court is instructed to enter a judgment declaring that insurer is not entitled to rescind the disability provisions of the policy after two years after its making on the ground of fraud in the application, and that, if there exist continuous total disability in the insured, Jack Ostroff, the insurance company has waived the payment of any premium during the period of such continuous total disability.

Reversed.

WILBUR, Circuit Judge (dissenting).

I dissent. For the reasons stated in my concurrence in New York Life Insur-

ance Co. v. Waterman, 9 Cir., 104 F.2d 990, filed concurrently herewith, I am of opinion that under the statutory law of California (§ 1646 California Civil Code), the contract should be construed in accordance with the law of New York, the place of performance. Under the settled law of New York the incontestability clause does not apply to disability insurance. Steinberg v. New York Life Ins. Co., 263 N.Y. 45, 188 N.E. 152, 90 A.L.R. 642; Guardian Life Ins. Co. v. Katz, 243 App. Div. 11, 275 N.Y.S. 743, affirmed, 269 N.Y. 625, 200 N.E. 29; Manhattan Life Ins. Co. v. Schwartz, 274 N.Y. 374, 9 N.E.2d 16; Chambers v. New York Life Ins. Co., 148 Misc. 561, 265 N.Y.S. 217.