Evelyn M. Goldstein, an Infant, etc., Plaintiff, v. Seymour L. Mantell, Defendant.

Supreme Court, New York County, March 11, 1935.

*Avel B. Silverman,* for the plaintiff.

*Tetelman & Tetelman,* for the defendant.

McLaughlin, J. The plaintiff commenced this action for a declaratory judgment, adjudicating that no marital status exists between the parties. The defendant answered and asserts that there is a marriage between the parties which was consummated by their cohabitation. The plaintiff now moves for judgment on the pleadings. The allegations in the answer must be assumed to be true. It would appear then that the plaintiff and defendant went to live together without any ceremonial marriage. This occurred before the total abolition of common-law marriages in 1933. The age of the defendant is not stated but the cohabitation began on plaintiff's eighteenth birthday. The question presented is simply this: Is plaintiff entitled to a declaratory judgment that no marriage exists? She is still under twenty-one years of age. The court must determine whether section 11 of the Domestic Relations Law as it existed in 1932 forbids a common-law marriage between an infant and another. It would appear that this section does not concern itself with common-law marriages. If the Legislature intended to abolish or prohibit common-law marriages, it could scarcely have found a clumsier method. The answer is

plain. A common-law marriage may be established upon a trial, for upon the facts advanced by the defendant there never was any attempt at solemnizing a marriage but the paper referred to is evidence in support of the alleged common-law marriage. The restriction in subdivision 5 of section 11 of the Domestic Relations Law refers only to which officers shall solemnize such a marriage. It does not prohibit a marriage between the plaintiff and defendant. The above statement of facts is only for the purposes of this motion. If there was no cohabitation there never was any common-law marriage. Motion denied.