JACOB BLUM, Plaintiff, *v.* FRANK OXMAN et al., Defendants.

Supreme Court, Special Term, New York County, October 16, 1947.

*Benjamin Pesikoff* for plaintiff.

*Arthur K. Garfinkel* for defendants.

HOFSTADTER, J.   Motion is made by plaintiff for judgment on the pleadings and to strike out the affirmative defenses as insufficient in law.   The court must look solely to the pleadings to determine this motion.   Consequently, many of the statements made in movant's brief as to matter not in the pleadings are improper, and will be disregarded.

The denials and defenses preclude granting of the motion for judgment on the pleadings.   Indeed, plaintiff in his memorandum concedes " that certain denials in the pleadings might ordinarily be sufficient to serve as a bar to a complete determination of an application of this kind."

So too, upon this motion the allegations contained in the defenses must be deemed true. (*Goldstein* v. *Mantell*, 155 Misc. 692, affd. 244 App. Div. 790; *Chambers* v. *New York Life Insurance Co.*, 148 Misc. 561, affd. 240 App. Div. 1027.) The action is brought to enjoin defendants from removing him as president of defendant corporation, and is predicated upon an agreement entered into between plaintiff and the other two stockholders to continue him (plaintiff) in office while he remains a stockholder. The first defense alleges that plaintiff has failed to avail himself of the arbitration clause in the agreement. Such defense may be pleaded. (*Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97.) If it were not pleaded, defendants could be charged with having waived their right to arbitration. Whether defendants have nevertheless waived their right by activity in this action depends on the facts, which are not before the court, and could not be here on this motion. On its face, the defense is valid.

The second defense alleges that plaintiff violated and continues to violate his duties as president of the corporation, and that his conduct is inimical, detrimental and injurious to the best interests of the corporation. Further, that the matter of removal of the president rests in the discretion of the board of directors, notwithstanding the stockholders' agreement to the contrary. Stockholders in a close corporation may agree to the election of officers. (*Clark* v. *Dodge*, 269 N. Y. 410.) But in the *Clark* case (*supra*), the agreement was to vote for Clark so long as he proved " faithful, efficient and competent ". However, it is questionable whether an agreement could be upheld which attempted to divest a board of directors of their power to discharge an unfaithful officer. In *Fells* v. *Katz* (256 N. Y. 67, 72–73) the court said: " An agreement among stockholders whereby the directors are bereft of their power to discharge an unfaithful employee of the corporation is illegal as against public policy. * * * An agreement to continue a man as president is dependent upon his continued loyalty to the interests of the corporation."* The second affirmative defense pleads facts which, if proven, would give the board of directors the power to remove plaintiff as president.

The third and fourth defenses that the action is premature, and that plaintiff has a remedy at law, are sufficient on their face. In any case, plaintiff would have to establish the negative of each to succeed in this action. Denials would have been

* See, also, *Long Park, Inc.* v. *Trenton-New Brunswick Theatres Co.*, 297 N. Y. 174.— [Rep.

adequate to permit these defenses on a trial. Only when the facts are developed will the efficacy of these defenses be determined. But, as allegations, they are sufficient to withstand this motion.

The motion is in all respects denied.